In the Matter of the Judicial Settlement of the Account of Proceedings of THE NEW YORK TRUST COMPANY, as Successor Trustee of the Trust for the Benefit of NATHALIE L. ROOT under the Last Will and Testament of AUGUSTUS C. DOWNING, Deceased.*

MILTON SANDS DILLON, as Executor, etc., of LUCY S. DILLON, Deceased, Appellant; THE NEW YORK TRUST COMPANY, as Successor Trustee under the Will of AUGUSTUS C. DOWNING, Deceased, and Others, Respondents.

First Department, April 29, 1932.

* Revg. 142 Misc. 11.

*Charles H. Tuttle* of counsel [*John B. Nash* with him on the brief; *George S. Clay*, attorney], for the appellant.

*Irwin L. Tappen* of counsel [*Albridge C. Smith* and *Howard A. Marx* with him on the brief; *Humes, Buck, Smith & Stowell*, attorneys], for the respondents.

MERRELL, J. Augustus C. Downing, the testator, died on April 2, 1895, a resident of the city and county of New York, leaving a last will and testament executed on June 15, 1888, and which was thereafter duly admitted to probate in Surrogate's Court, New York county. Two codicils to the will were subsequently executed by the testator, neither of which affects the provisions of the will, except with relation to changes in the personnel of the executors and trustees thereof.

The testator left him surviving a widow and six children. By the terms of the testator's will, after providing for the payment by his executors of his funeral expenses and just debts, the testator first bequeathed to his wife, Eliza B. Downing, absolutely, all jewelry in her possession at the time of his decease, all household furniture, property and effects, excepting only certain paintings, bronzes, library and books specifically mentioned in the third clause of his will. To his said wife the testator also bequeathed his horses, carriages and harnesses, stable furniture, etc., which he might own at the time of his decease. After bequeathing certain paintings and bronzes to his three daughters, and after providing a specific cash legacy to his widow, and a small trust fund for two servants, the testator disposed of all of the residue of his estate in the sixth clause of his will in the following language:

" *Sixth.* All the rest, residue and remainder of my Estate real and personal of every kind and description and wherever situated of which I may die seized or possessed or to which I may in any way be entitled at the time of my decease, I give, devise and bequeath unto my Executors hereinafter named and appointed in trust upon the following Trusts. That is to say:—"

The testator then proceeds to provide a trust during the life of his widow, and upon her death that the trust for his widow be continued as six separate trusts, each for the life of each of his six children respectively. At the time of the death of the testator's widow all six of his children were living. Following the death of testator's widow three of the testator's children successively died, each leaving issue surviving. The fourth of the testator's children, Nathalie L. Root, died May 12, 1930, leaving no issue her surviving. It is with relation to the trust of one-sixth of the residuary estate for the benefit of the daughter Nathalie L. Root

(named in the will as Nathalie Downing) that this controversy has arisen. At the death of Nathalie L. Root two of the testator's children survived, namely, Josephine de Reiset and Lucy S. Dillon. Subsequently and on September 22, 1931, the daughter Lucy S. Dillon died, leaving a last will and testament, and Milton S. Dillon, the executor named therein, is the appellant from the decree of the surrogate. Each of the three of testator's children who predeceased Nathalie L. Root left issue surviving, who, under the terms of the will, took the corpus of the trust left for the benefit of the parent of said issue who had predeceased testator's daughter Nathalie. The question presented upon this appeal is whether the issue of testator's three children who predeceased his daughter Nathalie L. Root are now entitled to share in the distribution of the remainder of the trust for the benefit of Nathalie L. Root, *per stirpes*, or whether the two surviving children, namely, Lucy S. Dillon and Josephine de Reiset, were upon the death of Nathalie L. Root without issue, entitled to receive the remainder of said trust. The surrogate below held that the issue of each of the three children who predeceased Nathalie L. Root was entitled to receive the share their parents would have been entitled to receive, *per stirpes* and not *per capita*, had their parents survived the said Nathalie L. Root.

We are of the opinion that such construction placed upon the will of the testator by the surrogate was erroneous and in direct conflict with the clear intent of the testator as expressed in his will.

The clause of testator's will here under construction, namely, as to the sixth part of the trust for the benefit of his widow going to the daughter Nathalie L. Root, provides as follows: " One of the said equal one sixth parts I give devise and bequeath to my said Executors In Trust to collect and receive the rents profits and income thereof and apply the same to [the use of] my said daughter Nathalie Downing during her natural life, and upon her decease I give devise and bequeath the said one-sixth part to her lawful issue her surviving if any, and in case of her decease not leaving lawful issue her surviving then and in that case upon her decease, to my children Augustus C. Downing, Jr., Lizzie, the wife of Harry D. Spear, Josephine the wife of Frederic Reiset, Helen H. Downing and Lucy Downing share and share alike or to the survivors or survivor of them, and in case neither of them shall survive my said daughter Nathalie then and in that case and upon her decease not leaving lawful issue her surviving to the lawful issue if any, or if none, to the heirs or next of. kin of my said children Augustus C., Lizzie, Josephine, Helen H., and Lucy, share and share alike *per stirpes* and not *per capita*." The sixth part thus provided for the

benefit of testator's daughter Nathalie Downing during her natural life is the counterpart of five similar trusts for each of testator's other children. A careful reading of the provisions of testator's will above quoted leaves no doubt in our minds as to the intent of the testator in making such provision. The testator thereby provided, first, that upon the death of his daughter Nathalie Downing the said one-sixth part should go to her lawful issue her surviving, if any. Nathalie Downing left no issue her surviving, so that feature is eliminated. The testator then proceeds: " and in case of her decease not leaving lawful issue her surviving then and in that case upon her decease, to my children Augustus C. Downing, Jr., Lizzie, the wife of Harry D. Spear, Josephine the wife of Frederic Reiset, Helen H. Downing and Lucy Downing share and share alike *or to the survivors or survivor of them,* * * *." (Italics are the writer's.) Thus, very clearly, was it the intention of the testator that in the case of the death of his daughter Nathalie without leaving issue her surviving, the remaining five children, or " the survivors or survivor of them," were to receive the remainder of said trust for the benefit of testator's daughter Nathalie. When Nathalie died but two of the testator's children surviving, namely, Josephine de Reiset and Lucy Downing. They were then the survivors of the five children of the testator thus mentioned as the recipients of said remainder, and, in our opinion, under the plain and unambiguous terms of the testator's will, they, upon the death of the testator's daughter Nathalie, became entitled to receive, under the will, the remainder of said trust. The clause of testator's will then proceeds: " and in case neither of them shall survive my said daughter Nathalie then and in that case and upon her decease not leaving lawful issue her surviving to the lawful issue if any, or if none, to the heirs or next of kin of my said children [naming the other five children of the testator] share and share alike *per stirpes* and not *per capita.*" In construing the testator's will to give to the issue of testator's children predeceasing the daughter Nathalie the share of said remainder of the trust for the benefit of Nathalie to which their respective parents would be entitled, *per stirpes,* the surrogate, possibly misled by the erroneously punctuated quotation of said trust clause by the accounting party, read in a punctuation mark not found in the original will, and by substituting for the word " neither " in said clause the words, " one or the other of them shall not," reached the said construction. We see no reason for rewriting the testator's will or for changing the plain and unambiguous language thereof. The testator very clearly, by each clause for the benefit of his respective children, intended that upon the death of either the sixth part of his residuary

estate should go to the lawful issue of said child surviving, if any, and in case said child should die without leaving lawful issue surviving, then, in that case, the remaining children of the testator then surviving should receive said remainder, share and share alike, and it was the clear intention of the testator in the use of the words, "in case neither of them shall survive," in such case only, upon the decease of each of his children without leaving lawful issue surviving, the remainder should go to the heirs or next of kin of the others of testator's said children, *per stirpes* and not *per capita.*

We are, therefore, of the opinion that the surrogate erred in construing the clause of the testator's will in question, and that upon the death of Nathalie L. Root the two survivors of the testator's children, namely, Josephine de Reiset and Lucy Downing, took the entire remainder of said trust left for the benefit of testator's daughter Nathalie.

The decree of the surrogate should, therefore, be reversed, with costs to the appellant payable out of the estate, and a decree entered passing the remainder of said trust to the two children of the testator who survived his daughter Nathalie, the daughter Josephine de Reiset receiving one-half thereof, and the other half to the estate of Lucy S. Dillon, deceased, represented by the appellant as executor of her last will and testament.

FINCH, P. J., O'MALLEY, SHERMAN and TOWNLEY, JJ., concur.

Decree reversed, with costs to the appellant payable out of the estate, and a decree entered in accordance with opinion. Settle order on notice.