In the Matter of the Estate of WILLIAM H. WILKINS, Deceased.

Surrogate's Court, Westchester County, April 9, 1935.

*Walter G. Seely*, for the administratrix c. t. a.

*Robert P. Smith* [*Robert L. Smith* with him on the brief], for William H. Wilkins, Jr.

*Westall, Stohldreier & Barrett* [*Walter W. Westall* and *Henry E. Stohldreier* of counsel], for Mary Sammis.

SLATER, S. The will of William H. Wilkins was probated in this court on February 19, 1886. The decedent left a widow and

four children. By the first paragraph of the will he devised to a daughter, Elizabeth Sammis, for life, a farm situate in the town of White Plains, with remainder "unto such of the children of my said daughter as may *then survive*, to be divided between them equally share and share alike." (Italics mine.)

The second, third and fourth paragraphs gave to each of the remaining children, namely, Ann Eliza Wilkins, Amos H. Wilkins and William H. Wilkins, Jr., the sum of $25,000.

The fifth paragraph gave $10,000 in trust for a so-called "adopted" daughter, Mary W. Valentine, for life, and "on the death of said Mary W. Valentine to pay and distribute the principal of said sum of Ten Thousand Dollars to and among my children Elizabeth Sammis, Ann Eliza Wilkins, Amos H. Wilkins and William H. Wilkins, Jr., *or the survivor of them in equal shares*." (Italics mine.)

The sixth paragraph gave the remainder of the estate, real and personal, unto his wife, Mary Wilkins, for life; and "after the death of my said wife, I do give, devise and bequeath all the said rest, residue and remainder of my estate real and personal, to my daughters Elizabeth Sammis and Ann Eliza Wilkins and my sons Amos H. Wilkins and William H. Wilkins, Jr., *or the survivors of them, to be equally divided between them share and share alike*." (Italics mine.)

The death of the widow, Mary Wilkins, occurred a year or two after that of the testator. The son, Amos H. Wilkins, died in 1917, unmarried and intestate. Elizabeth Sammis died on September 2, 1925, leaving a will in which she gave her residuary estate to her daughter, Mary Sammis. Ann Eliza Wilkins died on April 9, 1926, leaving a will (signed "Annie E. Wilkins") by which she gave her residuary estate in equal shares to her brother, William H. Wilkins, Jr., and Ada M. Van De Water, the daughter of Mary W. Valentine, the so-called adopted child of William H. Wilkins, Sr.

Mary W. Valentine, the life beneficiary of the trust created by the fifth paragraph of the will, died November 8, 1934. As Elizabeth Sammis, Ann Eliza Wilkins and Amos H. Wilkins had predeceased the life beneficiary, Mary W. Valentine, the question which now arises for decision is whether the survivor of the four children, William H. Wilkins, Jr., takes the whole corpus of the trust, or whether it vested at the death of the testator in 1886 in his four children in *equal shares*.

In every gift in the will the testator evidenced a desire for equality, and division was made by him share and share alike. This is demonstrated in the gift of the farm to the daughter, with equal distribution going to her then surviving children, "equally share and share alike," and with regard to the gift to the wife of the

balance of the estate where he said not only must it be divided equally, but share and share alike. The words " in equal shares " or " share and share alike " are strictly consistent with an absolute gift to the named children. (*Matter of Tamargo*, 220 N. Y. 225, 230.)

The word " equally " gets its meaning from the context of the will. (*Matter of Farmers' Loan & Trust Co.*, 213 N. Y. 168; *Matter of Flint*, 118 Misc. 134; *Matter of Bailey*, 124 id. 466, 469; *Matter of Leverich*, 125 id. 130.)

The will speaks as of the date of the testator's death. No contrary intent is indicated. The words of survivorship will be construed as relating to the death of the testator because such a construction is not incompatible with the other provisions of the will. (*Matter of Mahan*, 98 N. Y. 372; *Nelson* v. *Russell*, 135 id. 137; *Matter of Russell*, 168 id. 169, 175; *Matter of Woodruff*, 135 Misc. 203, 205, 207; *Matter of Duffy*, 143 id. 421.) In *Matter of Walsh* (147 Misc. 103) the words of the will were practically the same as the decedent in the instant case used in his fifth paragraph.

It is true that there is no direct gift to distributees, except a gift implied in a direction to trustees to pay and distribute upon the death of the life beneficiary. It may be argued that, where there is no direct gift, the gift is contingent. However, there are many exceptions to the rule, *i. e.*, the postponement of the distribution of the fund to children *nominatim* for the purpose of letting in an intermediate estate (*Matter of Lamb*, 182 App. Div. 180; affd., 224 N. Y. 577); the provision for the severance of the trust fund from the general estate (*Vanderpoel* v. *Loew*, 112 N. Y. 167). These evidence the intention of the testator and all other rules are subordinate to such intention as disclosed by the words of the will.

The so-called " divide and pay over " rule of construction is merely a canon of construction and subsidiary to the general intention of the testator as expressed in the will. (*Matter of Embree*, 9 App. Div. 602; affd., 154 N. Y. 778.)

If the gift of the trust fund of $10,000 had not been severed from the general estate, it would pass under the sixth paragraph of the will for the benefit of the widow for her life with remainders to the *four named children, or the survivor of them, equally, share and share alike*. The residuary estate would thus be held in bulk for the convenience and comfort of the widow, and subject only to such life estate. (*Cammann* v. *Bailey*, 210 N. Y. 19, 29.)

It is the court's opinion that survivorship until the termination of the trust is not revealed by the language of the will, and that the decedent intended to create a vested remainder in the named beneficiaries living at his death.

This construction prevents the disinheritance of issue of any child who may have married and died before the expiration of the trust period, a consequence which no one can doubt the testator never intended. (*Goebel* v. *Wolf*, 113 N. Y. 405, 415.) To hold the estate contingent would be to create inequality in the family group.

In the instant case Elizabeth Sammis had predeceased the life beneficiary of the $10,000 trust fund and did leave children who, under the contention of William H. Wilkins, Jr., would become disinherited.

It, therefore, follows that each child took at decedent's death a one-fourth interest in the corpus of the trust fund held for the life of Mary W. Valentine. Subsequent intestacies and wills disclose at the present time that distribution should be made by the administratrix c. t. a. of William H. Wilkins, Sr., to William H. Wilkins, Jr., of one-half of the trust fund; to Mary Sammis one-third, and to Ada M. Van De Water one-sixth.

Submit decree in this proceeding making such distribution.