In the Matter of the Final Judicial Settlement of the Account of THE TROY TRUST COMPANY, as Substituted Trustee under the Last Will and Testament of CRUMBY BOLTON, Deceased.

MILTON F. BOLTON, Appellant; THE TROY TRUST COMPANY, as Substituted Trustee, etc., of CRUMBY BOLTON, Deceased, BESSIE A. MACDOUGALL, as Administratrix, etc., of KATHERINE E. BOLTON, Deceased, MABEL E. BOLTON, Individually and as Administratrix, etc., of RICHARD D. BOLTON, Deceased, RICHARD F. BOLTON, KENNETH F. BOLTON, and CORA B. CONNELLY, Individually and as Administratrix, etc., of EDWIN A. BOLTON, Deceased, Respondents.

Third Department, November 1, 1939.

*Joseph C. Behan, Jr.* [*John J. Sweeney* of counsel], for the appellant.

*Harry F. Whiton,* for The Troy Trust Company, as substituted trustee, etc., and for Bessie A. MacDougall, as administratrix, etc., of Katherine E. Bolton, deceased, respondents.

*Aaron A. Armitage,* for Mabel E. Bolton, individually and as administratrix, etc., of Richard D. Bolton, deceased, respondent.

Foster, J. Appeal from a decree of the Surrogate's Court of Rensselaer county construing the will of Crumby Bolton, deceased. The question presented is whether the corpus of a trust fund passes to the appellant, who, alone of three children mentioned in the will, survived the termination of the trust; or whether the shares of the children who predeceased the life tenant pass to the representatives of such deceased children.

The trust clause is contained in the fourth paragraph of the will:

"*Fourth.* I hereby give and bequeath unto my executors hereinafter named, the sum of Twenty Thousand Dollars ($20,000.00) in trust, however, to take, hold, receive and invest the same in good securities, and to collect and receive the interest, income, increase and profits thereof; and pay the same over, semi-annually, from the date of my decease, to my said wife Katherine E. Bolton, for and during the period of her natural life, or as long as she shall remain my widow; and at her death, or re-marriage, I give and bequeath the same to, and direct that the same be divided between my children, Edwin A. Bolton, Milton F. Bolton and Richard D. Bolton, or the survivors of them, equally share and share alike.

" If, however, any of my said children shall die prior to the time of my decease, leaving issue him surviving, I direct that the legacy, or share in my estate which the one so dying would have taken under the provisions of this, my last Will and Testament, if living, shall go to, and be equally divided among such issue, share and share alike."

The widow did not remarry. At her death, only one son, Milton F. Bolton, survived. The other two sons, Edwin A. Bolton and Richard D. Bolton, died after the death of the testator and before the death of the widow. Edwin A. Bolton left him surviving Cora B. Connelly, his granddaughter, and Richard F. Bolton and Kenneth F. Bolton, his grandsons. Richard D. Bolton left him surviving his widow, Mabel E. Bolton.

The surrogate held that at the death of the testator, his three sons who survived him each became vested in a one-third interest of the trust fund, subject to the life estate of the mother; and that the share of each of the sons who predeceased the life tenant should be paid to the representatives of his estate, and the share of Milton F. Bolton should be paid to him.

This, I think, is correct. (*Matter of Chalmers*, 238 App. Div. 672; affd., 264 N. Y. 239; *Moore* v. *Littel*, 41 id. 66; Real Prop. Law, § 40, as made applicable by Pers. Prop. Law, § 11.) The test was stated in *Moore* v. *Littel:* " If you can point to a man, woman or child who, if the life estate should now cease, would

\* \* \* have an immediate right of possession, then the remainder is vested." The facts here meet such test. The three sons survived the father. If the life estate of the widow then ceased they would have had the immediate right of possession. Their respective interests, therefore, vested.

The law favors the vesting of estates, and unless there is a contrary intention unequivocally expressed it will not be imputed. (*Matter of Watson*, 262 N. Y. 284.) I can find no such contrary intention unequivocally expressed in testator's will. His general scheme, as expressed by the various provisions of the will, was to distribute his property with fair equality among his children. That the bequest of the remainder was to his sons, " or the survivors of them," does not express a clear intent so as to prevent vesting. It does not necessarily mean that survival referred to the death of the life tenant. Words of survivorship, upon bequests over on the death of the life tenant, are frequently construed to refer to the death of the testator. (*Runyon* v. *Grubb*, 119 App. Div. 17; affd., 192 N. Y. 586; *Moore* v. *Lyons*, 25 Wend. 119; *Matter of Woodruff*, 135 Misc. 203; *Matter of Mahan*, 98 N. Y. 372; *Matter of Wilkins*, 155 Misc. 152.) I think they should be so construed here in view of the manifest intent of the testator to reach equality. *Matter of Downing* (235 App. Div. 185), relied upon by appellant, may be distinguished. There the devisee, or devisees of the remainder were uncertain and could only be ascertained upon the death of the life tenant. This prevented a vesting at the death of testator.

The decree should be affirmed, with costs to all parties filing briefs.

CRAPSER, HEFFERNAN and SCHENCK, JJ., concur; HILL, P. J., dissents, with an opinion.

HILL, P. J. (dissenting). The issue presented is the ownership of the remainder after the death of the life beneficiary under the following trust clause contained in the will of Crumby Bolton, deceased:

" *Fourth*. I hereby give and bequeath unto my executors hereinafter named, the sum of Twenty Thousand Dollars ($20,000.00) in trust, however, to \* \* \* invest \* \* \* and to collect \* \* \* the \* \* \* income \* \* \*; and pay the same over, semi-annually, from the date of my decease, to my said wife Katherine E. Bolton, for and during the period of her natural life, or as long as she shall remain my widow; and at her death, or re-marriage, I give and bequeath the same to, and direct that the same be divided between my children, Edwin A. Bolton, Milton F. Bolton and Richard D. Bolton, or the survivors of them, equally share and share alike.

" If, however, any of my said children shall die prior to the time of my decease, leaving issue him surviving, I direct that the legacy, or share in my estate which the one so dying would have taken under the provisions of this, my last Will and Testament, if living, shall go to, and be equally divided among such issue, share and share alike."

All three of the children survived the testator; only one, Milton F. Bolton, survived the life beneficiary. The son of testator, Edwin A., left surviving a granddaughter and two grandsons. Richard D. was survived only by his widow. The surrogate has determined that the remainder became the property of the three sons as of the date of the death of testator, to be paid one-third to the grandchildren of Edwin A., and a third each to the appellant, Milton F., and Mabel E. Bolton, the widow of Richard D.

By this construction, in effect, the words " or the survivors of them " following the names of the three sons, are deleted from the will. Under quite similar language it has been determined that the survivor, here Milton F., takes the entire remainder. (*Matter of Parsons*, 242 N. Y. 246; *Matter of Buechner*, 226 id. 440; *Matter of Downing*, 235 App. Div. 185.)

The intention of the testator that the remainder should be divided among the three sons if they were all living at the time the widow died and if some were dead then among the survivor or survivors is further disclosed by the use of the word " however " in the second paragraph. It is there stated that if any of his children shall " *die prior to the time of my decease*," their issue would take the share of the parent and as an introduction to that direction he used the word " however," indicating that the provision which followed was at variance with that which preceded.

Webster says that " however " is " used adversatively, * * * often indicating a reservation after something conceded." When used in a will, the word implies an " alternative intention, a contrast with the previous clause, and a modification of it under other circumstances." (*Matter of Lewis*, 18 Penn. St. 318, 325; 30 C. J. 475; Century Dict.) Applying that rule to the clause here under consideration, testator desired the issue of his children dying before he died to take the share of the parent in contradistinction with his directions concerning those of his children who died after he died but before the death of the life beneficiary. In that event he used the words " or the survivors of them," which the surrogate has deleted.

The language used in the *Buechner* opinion (*supra*) has direct application (p. 443): " This is no case again for subtle distinctions between directions to pay or distribute, and words of present

gift [citations]. Such tests may help to ascertain the membership of a class not otherwise defined. There is no need to resort to them when the testator has defined the membership himself. We think he has done so here, and limited his gift to the children living at the division. A single sentence includes the direction to divide and the gift of the thing divided. * * * We need no canon of construction to justify that holding except, indeed, the primary one, to which all others are subordinate, that the intention of the testator is to be sought in all his words, and, when ascertained, is to prevail [citations]."

I favor a reversal.

Decree affirmed, with costs to respondents filing briefs, payable out of the estate.