In the Matter of the Application to Compel an Accounting of ROBERT BREEDON, as Trustee under the Last Will and Testament of ALBERT W. BREEDON, Deceased.

DELIA BREEDON, Individually and as Administratrix, etc., of REUBEN BREEDON, Deceased, Petitioner, Appellant; ROBERT BREEDON, as Trustee under the Last Will and Testament of ALBERT W. BREEDON, Deceased, Respondent.

Third Department, May 1, 1940.

*A. Howard Burtch*, for the appellant.

*Harry Sherburne* [*Donald F. Boyle* of counsel], for the respondent.

HILL, P. J. We are to determine whether the corpus of the trust fund, set up by the " Ninth " paragraph of testator's will, remaining after the death of the life beneficiary (Mary Agnes Merry) vested in testator's children at his death or at the death of the life beneficiary.

The first direction and bequest of the " Ninth " paragraph is that at the death of Mary the fund " is to be taken by my said wife, if living, and by my surviving children, share and share alike." Thereunder in clear terms the bequest to the wife lapsed if she had predeceased Mary, and her estate took no part of the remainder. The words " if living " applied only to the wife and the one-fourth of the remainder which was bequeathed to her " if living." Three-fourths of the remainder, if the wife was living when Mary died, and the whole if she had previously died, was " to be taken  *   *   * by my surviving children  *   *   *." The wife would take if she survived both the testator and Mary, and such of the children as survived the testator would take. The second part of the paragraph again dealt with the earlier direction that the bequest to the wife was to " lapse and be void " if she predeceased Mary. The final portion of the " Ninth " paragraph dealt with the absoluteness of the bequest to the children that had survived the testator. Such ambiguity as exists between this final provision and the absolute gift earlier made might require consideration if Reuben had been survived by a widow and children. In that event it might have been argued that the absolute bequest was limited, the share of the child dying before Mary passing to his children. Such condition does not exist. An absolute gift will not be cut down by a later ambiguous provision. Reuben left as distributees the petitioner, his widow, two sisters and a brother. Under such conditions, the earlier absolute bequest to Reuben as one of the surviving children of the testator is unaffected, and the widow is entitled to her interest therein. (*Moore* v. *Littel*, 41 N. Y. 66; *Matter of Chalmers*, 238 App. Div. 672; affd., 264 N. Y. 239; *Matter of Bolton*, 257 App. Div. 760; affd., 282 N. Y. 728.)

HEFFERNAN and FOSTER, JJ., concur; BLISS, J., dissents, with an opinion, in which SCHENCK, J., concurs.

BLISS, J. (dissenting). The question before us is the construction of the will of Albert W. Breedon who died on May 13, 1935, leaving him surviving as his distributees Bessie R. Breedon, his widow, and four children, Charlotte Breedon, Robert Breedon, Reuben Breedon and Mary Agnes Merry. The widow died on March 2, 1936, and his son Reuben died on January 4, 1938, intestate, leaving as distributees his brother Robert, and his sisters Charlotte and Mary

Agnes Merry, and his widow, the present petitioner and administratrix of his estate. The latter has appealed from the denial of her application to compel an accounting by the trustee of the trust created by the will of Albert W. Breedon for the benefit of Mary Agnes Merry. This will provided that certain payments be made to Robert Breedon as trustee for the benefit of Mary Agnes Merry, she to have the income during her lifetime with the discretionary right in the trustee to invade the principal for her benefit and at her death to pay her funeral expenses. The will disposes of the remainder as follows:

" *Ninth.* Upon the death of my said daughter Mary Agnes Merry, all property remaining in trust for her benefit with my said son, Robert Breedon, is to be taken by my said wife, if living, and by my surviving children, share and share alike; and if my said wife shall not survive my said daughter Mary, then her share of said trust fund shall lapse and be void; and if either of my said children shall not survive my said daughter Mary and shall leave issue surviving at that time, then said issue shall take his parent's share."

We must determine whether or not the petitioner has such an interest in the estate of Albert W. Breedon, arising from paragraph " Ninth " of his will, as to entitle her to an accounting of the trust fund. To resolve this we must decide whether or not Reuben Breedon obtained under the will of Albert W. Breedon an absolutely vested remainder so that the present petitioner, his widow and administratrix, has an interest permitting her to compel an accounting. If Reuben did not obtain such an interest the present petitioner has no basis for such an application.

It is to be noted that the paragraph begins with the phrase " Upon the death of my said daughter Mary Agnes Merry," thus showing that the provisions of that paragraph were not be become effective until the death of Mary Agnes. *Upon her death* the residue of the trust fund was then to be taken by the wife *if living* and by testator's *surviving* children. None of them was to take anything until the death of Mary Agnes. " Take " contemplates that those who are to take must be alive — presupposes the physical existence of a person then capable of taking. For the wife to obtain any share of this trust fund she had to be living " upon the death " of Mary Agnes. For any of the children of testator to take a share in the remainder of the trust fund they had to be " surviving " " upon the death of my said daughter Mary Agnes Merry." The paragraph then provides that if the wife should not survive Mary Agnes then her (the wife's) interest in the trust fund shall lapse. Next follows a provision that if any of the children " shall not survive my said daughter Mary " and shall leave issue surviving at

that time, which shows conclusively that when the testator spoke of his " surviving children " he meant surviving at the time of the death of Mary Agnes.

The language of the gift is in the alternative, to the wife, " if living " and the " surviving children;" but if the wife did not survive Mary Agnes her gift lapsed; and if any of the children failed to survive Mary Agnes then his " issue surviving at that time " became entitled. The determination of those who would be entitled to these gifts is clearly contingent upon their surviving Mary Agnes. Alternatively, one group or another would become eligible depending upon survivorship. Every portion of paragraph ninth speaks of the time of the death of Mary Agnes, particularly the last part providing that the remainder of the principal should be taken " by my surviving children."

That this is the decisive time of " surviving " is very conclusively shown by the last clause declaring what shall happen if either of the children " shall not survive my said daughter Mary." It is thus perfectly plain that the testator meant to give the remainder of the trust fund to those of his children who survived the life beneficiary, Mary Agnes, and that their taking was conditional upon their surviving her.

The focusing of the testator's intention to the death of Mary Agnes is also to be noted from the careful statements of her rights. This daughter is an incompetent and, therefore, a special object of the testator's bounty. She is to receive not only the income but there is also a right to invade the principal for her benefit and to pay her funeral expenses. Thus the interest of all the remaindermen was first subject to the possibility that the trust property might be entirely consumed for her benefit. Then, looking to the time of her death, the will provides that what is to happen to the remainder, if any, is dependent upon who should survive her.

The son Reuben did not survive his sister Mary Agnes. She is still living. Therefore any interest which Reuben had, either vested or contingent, in the principal of the trust, ceased upon his death. It makes no difference here whether we call his interest a vested remainder subject to its being divested by his death before that of his sister, a conditionally vested remainder or a contingent remainder. In the last analysis the result is the same, namely, that all interest of Reuben in the trust fund ceased and was defeated by his death. Under the authorities his remainder was vested subject to being divested by his death before that of his sister Mary Agnes. It was vested under section 40 of the Real Property Law because there were persons in being who would have an immediate right to the possession of the property on the determination of all

the intermediate or precedent estates. This, however, does not mean that he had an interest which could not be defeated by his dying before his sister Mary Agnes. (See *Matter of Benton*, 244 App. Div. 56; affd., 269 N. Y. 579; *Matter of Chalmers*, 264 id. 239; *Matter of Watson*, 262 id. 284; *New York Life Insurance & Trust Co.* v. *Winthrop*, 237 id. 93; *Dougherty* v. *Thompson*, 167 id. 472.)

Certainly the estate of Reuben, and his widow, are not entitled to share in this gift to the defeat of the testator's express words that if those of Reuben's class " shall not survive my said daughter Mary and shall leave issue surviving at that time, then said issue shall take * * *." Such a construction would establish a precedent defeating the testator's clear intention if the remaining children, Robert and Charlotte, should predecease Mary Agnes Merry, leaving a spouse and issue them surviving. Their issue would then be forced to share their interest with the spouse of Robert or Charlotte as a result of our decision although they are necessarily excluded by the testator's express words giving the remainder entirely to " issue surviving at that time."

The vesting in possession of Reuben's interest, in himself, and, therefore, of any one claiming through him, was contingent upon his surviving his sister Mary Agnes. That fact stands out predominantly in the " Ninth " paragraph of the will, and whatever we may denominate the nature of his interest in the trust fund while he was living, at his death it terminated by his failure to survive his sister Mary Agnes. For the same reason, his widow, the present petitioner, claiming through him, must fail.

While precedents are of little assistance because two wills are rarely, if ever, alike, this construction has been applied by our Court of Appeals to wills containing similar language. (See *Matter of Buechner*, 226 N. Y. 440, and *Matter of Parsons*, 242 id. 246.)

The surrogate's dismissal of her application should be affirmed.

Schenck, J., concurs.

Order reversed on the law and facts, with ten dollars costs and disbursements, and motion for accounting granted, with ten dollars costs.