In the Matter of the Accounting of Rosie LURRIE, as Executrix of HARRIS LURRIE, Deceased.

Surrogate's Court, Bronx County, February 27, 1946.

*A. Georges Sidelle* for petitioner.

*Aaron Honig* for executrix.

HENDERSON, S. This is an application to compel the executrix of the last will and testament of the testator herein, to render and settle her account.

The petitioner is the executor of the last will and testament of Samuel Lurrie, a deceased son of the testator.

The respondent disputes the right of the petitioner to bring this proceeding.

The issue of the controversy depends upon a construction of decedent's will. By the terms of such will, the testator directed that the residuary estate be held in trust for the life of his widow to whom all the income was to be paid, and upon her death provided as follows: " *Fifth*. Upon the decease of my said wife, ROSIE LURRIE, I give, devise and bequeath all the rest, residue and remainder of my estate of whatever nature and wheresoever situate, to my children, JACOB LURRIE, ABRAHAM LURRIE, SAMUEL LURRIE, PHILIP LURRIE and LILLIE LURRIE, and to their heirs and assigns forever, to be divided equally between them, share and share alike. The legacy of Three thousand dollars to my said daughter, LILLIE, shall not be a charge upon her share in my residuary estate.

" *Sixth*. Should either of my said children have died leaving lawful issue him or her surviving, then such issue shall receive the share its parent would have taken if living. Should, however, any of my said children have died without leaving lawful issue him or her surviving, then I give the share of the said child so dying to his or her surviving brothers and sisters, and the issue of such of them who may have died leaving such issue, equally share and share alike, the issue of any deceased child only to take and receive the share its parent would have taken, if living."

The testator died on the 10th day of March, 1928, survived by his widow and his five children.

Samuel Lurrie, one of the sons, died on the 30th day of July, 1944, leaving no issue. Rosie Lurrie, the decedent's widow is still living.

The respondent asserts that the gift to Samuel was contingent upon his survivorship at the time of the termination of the widow's estate and contends that since he predeceased the widow, the petitioner, as his representative, has no interest in this estate.

This contention is overruled and the application is granted.

In a problem of this nature where a question arises as to the effect of words of survivorship, certain rules of construction are applicable.

At the outset, the respondent is met with the rule that the law favors the vesting of estates and unless a contrary intention is unequivocally expressed, it will not be imputed (*Matter of Watson,* 262 N. Y. 284, 300). A remainder is not to be considered as contingent in any case where it can be fairly construed to be vested (*Connelly* v. *O'Brien,* 166 N Y. 406, 408).

In paragraph " Fifth ", there is a gift of the remainder to persons *nominatim.* This provision imports an intention to give a vested interest (*Matter of Montgomery,* 258 App. Div. 64, 65, affd. 282 N. Y. 713). Furthermore, the testator uses words of present gift. This is strong evidence of an intention that the remainder is to vest upon the death of the testator (*Matter of Foster,* 174 Misc. 933). The use of the words " Upon the decease of my said wife " in making the gift does not prevent the legacy from vesting. They relate merely to the time of enjoyment of the estate and not to the vesting (*Connelly* v. *O'Brien, supra; Matter of Seaman,* 147 N. Y. 69, 74).

An examination of the language of paragraph " Sixth " fails to disclose any intention unequivocally expressed, to create a contingent remainder. No such intention can reasonably be inferred from such language. " Words of survivorship and gifts over on the death of the primary beneficiary are construed, unless a contrary intention appears, as relating to the death of the testator." (*Nelson* v. *Russell,* 135 N. Y. 137, 141. To similar effect, see *Matter of Evans,* and cases cited therein, 165 Misc. 752, affd. 258 App. Div. 1037, affd. 284 N. Y. 571.) There is nothing in this paragraph indicating a contrary intention as required by this rule which " applies only where the context of the will is silent, and affords no indication of intention other than that disclosed by words of absolute gift, followed by a gift over in case of death, or of death without issue or other specified event." (*Vanderzee* v. *Slingerland,* 103 N. Y. 47, 55–56.) There is no presumption that the testator intended to create a contingent remainder (*Matter of Weaver,* 253 App. Div. 24, 29, affd. 278 N. Y. 605).

It must also be observed that the gifts are to the named children " and to their heirs and assigns forever ". These quoted words are the usual technical words of conveyance granting a title in fee (*Matter of Denari,* 165 Misc. 450, 453). This brings into operation a rule of law in petitioner's favor that an absolute gift should not be cut down by subsequent words unless an intent to do so is unmistakably indicated (*Matter of Forde,* 286 N. Y. 125, 129). No unmistakable intent to cut down the absolute gift can be found in paragraph " Sixth " or in any other portion of the will.

The court is unable to find the slightest indication in this will of any purpose on the part of the testator to require the son, Samuel, to survive the widow before he becomes vested with a share in this estate.

Accordingly, the respondent will be directed to file her account with a petition for its judicial settlement and obtain the issuance of a citation within thirty days after the service upon her of a copy of the order to be entered hereon with notice of entry thereof, and to complete the service of such citation without undue delay.

Settle order accordingly.