In the Matter of the Accounting of Irving H. Alhart, as Surviving Executor of Robert B. Wallace, Deceased.

Surrogate's Court, Monroe County, June 13, 1947.

474

*Edwin A. Williams* for Irving H. Alhart, as surviving executor, petitioner.

*William S. Zielinski,* special guardian for Leah H. Wallace, an incompetent, and another, an infant, respondents.

*Thomas G. Presutti,* special guardian for Charles S. Wallace, an infant, respondent.

WITMER, S. In this judicial settlement proceeding construction of the will is requested in two respects. The will was typed upon the business stationery of the decedent, contains no attestation clause, and was evidently prepared without the aid of counsel. The first question raised concerns punctuation. From the context it is clear that a period instead of a comma should follow the word " reservation ", and that the first letter in the next word, to wit, " property " should be capitalized, since that word in effect is the first word in the next sentence. The first sentence will thus read as follows: " Property at 82 Hobart Street, Rochester, New York, and all personal property including household equipment and automobile, I **give and**

bequeath to my wife, IDA MAE ARMSTRONG, without any reservation."

The second question involves the time of vesting of the remainder of the trust created in the last part of the original sentence, which is herein made a second sentence. The provision in question reads as follows: " Property at 114 to 126 Child Street, Rochester, New York, property at 207 York Street, Rochester, New York, property at Vixette Avenue, Rochester, New York, stock holdings in Great Lakes Paper Corporation of Rochester, to be held in trust, or disposed of as my executors shall see fit, and all earnings or dividends therefrom to be paid to my wife, IDA MAE ARMSTRONG, and upon her death to be divided into equal parts, one such part to be given to each of my surviving daughters, three parts to each of my surviving sons."

The testator's widow, the life tenant, is still living. One of the testator's sons who survived him has died, leaving a widow and an infant son. The special guardian for this infant son contends that the will should be construed as vesting the remainder in the children of the testator who survived him. One of the testator's children is incompetent and another is an infant. The special guardian representing them urges that the will should be construed as giving a contingent remainder to a class whose membership will not be determined until the death of the life tenant, when the remainder will vest in those children who survive the life tenant. This special guardian deems it for the best interests of his wards to take such position herein because if at the death of the life tenant things remain as they now are, they will gain. It should not be overlooked, however, that he is gambling with the interests of his wards, for if under his theory they predecease the life tenant, their estates would take nothing under the testator's will.

The remainder in this will vested upon the death of the testator. (*Matter of Breedon,* 259 App. Div. 422, appeal dismissed, 285 N. Y. 640; *Matter of Bolton,* 257 App. Div. 760, affd. 282 N. Y. 728; *Matter of Montgomery,* 258 App. Div. 64, affd. 282 N. Y. 713; *Waterman* v. *New York Life Ins. & Trust Co.,* 237 N. Y. 293, 300; *Bergmann* v. *Lord,* 194 N. Y. 70, 74; *Connelly* v. *O'Brien,* 166 N. Y. 406; *Stokes* v. *Weston,* 142 N. Y. 433; *Matter of Clark,* 185 Misc. 174; Real Property Law, § 40.) Undoubtedly, much can be said for the contrary view, but in the light of the above authorities it is clear that the decision here made is proper and required.

It is true that "no will has a brother" (*Collister* v. *Fassitt*, 163 N. Y. 281, 286), and hence in construction cases authorities are rarely controlling. For this reason reliance has not merely been placed upon the above authorities as such, but full consideration has been given to the merits of the arguments in support of the claim for later vesting.

It is a declared principle that where the will provides for survivorship but does not designate the time to which survivorship relates, such provision alone " * * * tends to establish the time of the termination of all preceding interests as the time to which survival is required." (Restatement, Property, § 251.) The fact that there is no direct gift, but one to executors to hold for the benefit of the life tenant "and upon her death to be divided into equal parts, one such part to be given to each * * *", weighs strongly in favor of a later vesting. (*New York Life Ins. & Trust Co.* v. *Winthrop*, 237 N. Y. 93, 103-104.) Such words point toward futurity and vesting at the death of the life tenant (*Matter of Crane*, 164 N. Y. 71), and make the decision herein more difficult. However, there is not enough in this will for this court to hold that futurity was in the testator's mind and of the essence of the provision for the remainder. The construction of provisions of this type is difficult and frequently made by a divided court. This question is so close that it brings to mind a verse in Edward Fitzgerald's The Rubaiyat of Omar Khayyam, "A Hair perhaps divides the False and True".

The authorities first above cited are founded upon the presumed intent of the testator in the absence of a contrary indication. They hold that as a matter of policy the law favors early vesting. (To the same effect is *Matter of Watson*, 262 N. Y. 284, 300.) This is in aid of marketability of property, and is also to avert intestacy. In the instant case a holding that the remainder does not vest until the death of the life tenant might well lead to intestacy. Moreover, such holding would result in depriving the testator's grandson by his deceased son of any share in this estate. The law favors lineal descendants, and we cannot assume that the testator wished to cut off this grandson, nor can we reach such result by adding words to the will which the testator did not place therein.

Where the members of a class are named in a will it is held to give added force to the claim of early vesting. The contrary, however, cannot be true in the present case where the testator did not mention his children by name, for they compose a class so limited and near to him that the mere naming

of them would appear to add nothing and be an unnecessary act.

It is urged in favor of later vesting that no language of the will should be disregarded, and that if all words are accepted at full face value, vesting does not occur until the death of the life tenant. That argument is not correct. A reading of all the words in the provision in question does not shed light as to the time to which the children must survive, and reliance must be had on established principles. The provision, in effect, to divide and pay over upon the death of the life tenant " * * * is not a material factor in determining the existence of a requirement of survival to the date of distribution." (Restatement, Property, § 260.)

In the cases which have held that the remainders were contingent and dependent upon a later event the wills have been " instinct with the desire to hold the ultimate gifts in abeyance until the termination of the trust " or the happening of a certain event. (*New York Life Ins. & Trust Co.* v. *Winthrop*, 237 N. Y. 93, 104, *supra*; *Matter of Parsons*, 242 N. Y. 246; *Matter of Buechner*, 226 N. Y. 440.) There is here no sufficient indication of an intent to suspend the time of vesting, and the rule establishing the time of vesting at the death of the testator must prevail. (See cases first cited herein, and Restatement, Property, § 243.)

Submit decree accordingly.