McGrath, S.
In connection with the judicial settlement of an account, petitioner has requested a determination of the perennial problem of the Surrogate’s Court as to whether a remainder is vested or contingent.
David Cohen died a resident of Bronx County on May 10,1927, and his last will and testament was admitted to probate by this court on June 10, 1927. By virtue of letters of trusteeship granted to him, Harry H. Cohen, a son of the decedent, served as sole trustee of this estate until his death on November 23,1954.
May Cohen, widow and executrix of Harry H. Cohen’s estate, has filed an accounting for his acts as trustee from the closing date of his last accounting to the date of his death and for her proceedings in this estate as his executrix subsequent to his death.
A controversy has arisen concerning the disposition of surplus income and a determination is also sought as to the rights and interests of the parties in the remainder of a trust of the residuary estate. While the question of who the remaindermen are may be academic at this time because the measuring life of the trust is still living, nevertheless, since all the necessary parties are before the court and Harry H. Cohen’s executrix should know the nature of his interests for his estate tax proceedings, a determination will be made on that question.
The provisions of the will pertinent to the questions raised are as follows :
‘ ‘ Third: — All the rest residue and remainder of my estate, real and personal, I give to my Executors and Trustees, hereinafter named, in trust, however, to hold during the lives of my *466 said beloved wife, Sarah, and my beloved daughter Betsy Cohen, and to dispose of the net income thereof for the following uses and purposes:
“ To pay the entire net income, or so much thereof as she may deem necessary, to my said beloved wife, Sabah, during her life.
‘ ‘ After the death of my beloved wife, Sabah, to pay to my said beloved daughter, Betsy Cohen, the sum of One hundred Dollars monthly during her life, and the balance of said net income to distribute share and share alike semi-annually to my other children, Hattie Griffin, Ella Cassin, Samuel Cohen and Harry H. Cohen, or if any of my said children should die, then the share of the deceased child is to go to the issue of said child.
“ Fourth: — After the death of my beloved wife, Sabah, and my beloved daughter, Betsy Cohen, then I direct that my estate be distributed equally among my children or if any shall have then deceased the share of any deceased child shall be given to the issue of said deceased child.”
Paragraph “ Fifth ” after appointing executors and trustees continues as follows: ‘ ‘ After my wife, Sabah, shall have died and after my executors shall have disposed of all my real estate, at their discretion, if they should judge it to the best interests of my children, I empower them to distribute a portion of, or all the principal of my estate in excess of $30,000.00 among my children equally, or if any child shall have deceased the share of the deceased child to go to the issue of said deceased child. ’ ’
Sarah Cohen, the testator’s wife, predeceased him. The decedent’s five children named in paragraph “ Third ” of the will survived him. Harry H. Cohen, however, has since died leaving no issue and with the exception of Harry, all of the decedent’s children are still living, including decedent’s daughter, Betsy, who is the measuring life of the trust.
Petitioner asserts that the will should be construed to give Harry a vested interest in the surplus income during the life of Betsy and a vested remainder interest in the principal uponi the death of Betsy.
The objectants who are the four surviving children of the testator urge together with the special guardian appointed on behalf of infant contingent remaindermen that by applying-certain familiar rules of testamentary construction to the-language in paragraph ‘ ‘ Fourth ’ ’, the gifts are clearly contingent and not vested.
It is axiomatic and no citation is necessary to support the-fundamental proposition that in every will construction con *467 troversy, the intention of the testator governs and must be gathered from all corners of the will. Another canon of construction applicable to this problem is that the law favors the vesting of estates and a contrary intention, unless unequivocally expressed, will not be imputed (Matter of Watson, 262 N. Y. 284; Connelly v. O’Brien, 166 N. Y. 406; Hersee v. Simpson, 154 N. Y. 496; Matter of Lurrie, 186 Misc. 805). Also, the policy of the law favors the vesting of estates at the earliest possible time (Matter of Campbell, 307 N. Y. 29; Matter of Krooss, 302; N. Y. 424; Connelly v. O’Brien, supra), and a presumption in favor of vesting applies with particular force where the gift is of the residue (Fulton Trust Co. v. Phillips, 218 N. Y. 573).. Nor is there a presumption that the testator intended to create a contingent remainder (Matter of Weaver, 253 App. Div. 24, 29, affd. 278 N. Y. 605; Matter of Lurrie, supra), and a debatable ease of intent — one that can be argued reasonably both ways — does not bring the case out of the rule which favors a vesting on the death of the testator (Matter of Ross, 281 App. Div. 470, 475, affd. 308 N. Y. 724).
A careful analysis of all the provisions of this will makes it clear that the testator intended to give a vested interest in the surplus income and in the principal remaining after the death of the measuring life of the trust to each of his children who survived him, subject to being divested if any of them died leaving issue. This conclusion is fortified by the fact that under paragraph ‘ Third ’ ’, the surplus income is given to his children nominatim. Although his five children are not mentioned nominatim in paragraph ‘ ‘ Fourth ’ ’, he could not have more clearly described them since he had already named them in the preceding paragraph. To attribute to the testator an intention to create a gift to a class because of his failure to repeat the names of his children in paragraph “Fourth” of his will would be unrealistic and unwarranted. Naming his children again in paragraph “ Fourth ” after he had fully described who his children were in paragraph ‘ Third ’ ’ would have added nothing and would have been redundant. The gift was not to a class but to definitely ascertainable persons whom the testator had unmistakably described in his will, and where there is nothing in the will to indicate that he intended to exclude children who died during the trust term unless they had issue, the remainder must be held vested (see Matter of Lamb, 108 N. Y. S. 2d 362, 367).
The authorities cited by the objectants as applicable to bequests to a class of relatives by general description do not *468 apply here. In Matter of Russell (168 N. Y. 169) the testator bequeathed the residue “ to my wife and my children, to be divided equally between them share and share alike, that is to say, to my wife one share, to each child an equal share with my wife.” The Court of Appeals held that the gift to the children was not a gift to a class, and that survivorship to the date of distribution was not a condition precedent to the vesting of the gift in a child who had died prior to the date fixed for distribution.
Objectants argue that the use of the words “ after ” and “ then ” in paragraphs “ Third ”, “ Fourth ” and “ Fifth ” of this will evidences an intention to postpone vesting until the termination of the measuring life. This contention is without merit, since the use of these words and similar words and phrases denoting time when used in a testamentary gift of a remainder has been held repeatedly to relate to the time of enjoyment of the gift and not to indicate futurity of the gift itself (Matter of Watson, 201 Misc. 193, 195, and cases cited; Matter of Wylde, 129 N. Y. S. 2d 712, 717).
It has also been urged that the remainders are contingent because the language of paragraph “ Fourth ” directs the trustee to “ distribute ” the remainder upon the termination of the measuring life and as a result the so-called ‘ ‘ divide and pay over ” rule as defined in Matter of Crane (164 N. Y. 71) must be applied. Since the intent of the testator has been ascertained, there is no need to consider the applicability of the so-called “ divide and pay over ” rule. The language of Judge Cardozo in Matter of Buechner (226 N. Y. 440, 443) is particularly decisive on this point: ‘ This is no case again for subtle distinctions between directions to pay or distribute, and words of present gift (Fulton Trust Co. v. Phillips, 218 N. Y. 573, 583; Matter of Baer, 147 N. Y. 348). Such tests may help to ascertain the membership of a class not otherwise defined. There is no need to resort to them when the testator has defined the membership himself.” (See, also, Matter of Montgomery, 258 App. Div. 64, 65, affd. 282 N. Y. 713; Matter of Wylde, supra; Matter of Hallock, 283 App. Div. 1091.)
One additional argument of the objectants requires comment. They urge that since the testator made no disposition of the remainder in the event that any of his children died leaving no issue, the interest of Harry H. Cohen in the remainder, if any, lapsed and was divested upon his death without issue. The holding of the Court of Appeals in Matter of Krooss (302 N. Y. 424, supra) and in Matter of Campbell (307 N. Y. 29, 33, supra) leaves *469 no ground for doubt that courts are intent upon restricting events which render a vested remainder defeasible to the exact circumstances specified in a testator’s will. The object ant s’ contention on this point must be overruled.
Accordingly, the court holds that the estate of Harry H. Cohen is entitled to an equal share of the surplus income until the termination of the measuring life of the trust (see Matter of Shupack, 158 Misc. 873, 882), and upon the termination of the trust, his estate representative is entitled to a one-fifth interest in the principal remaining.
Settle intermediate decree in conformity with the foregoing.