Anthony P. Savarese, S.
In this accounting proceeding the trustee requested a construction of the fourth paragraph of the will of Mary Frances Askew who died on February 16,1938. On the death of the testatrix, all persons named in the will were alive. The first life tenant died on November 22, 1946 and the second life tenant died on April 16, 1955. Between the death of the testatrix and the second life tenant, three of the six named remaindermen died. The pertinent provisions of the will are as follows: ‘ ‘ 2. I wish the income of my estate to be used in the care of my sister Elizabeth Virginia Askew in the same manner in which I am now caring for her. 3. I wish the income from my estate to be given to my sister Katharine Askew Herriman during her lifetime should she survive my said sister Elizabeth. 4. After the deaths of my said sisters Elizabeth and Katharine, I wish my estate to be equally divided among my legal surviving heirs, Charles Bernard Askew, Claire Askew Bonacker, Alice Claire Alsobrook, Anna Katharine Cooke, Elbridge Askew Herriman and Deane Thomas Herriman.” The only question involved is the construction of the fourth provision. Is the estate to be divided among the named beneficiaries surviving the testator or among those surviving the secondary life tenant?
A remainder is not to be considered as contingent in any case where it may fairly be construed to be vested, the law favoring *562 the vesting of estates at the earliest possible moment. In Connelly v. O’Brien (166 N. Y. 406, 408), testator bequeathed a life estate to his wife, disposing of the remainder as follows: “ and then to such of my children as may then be alive, share and share alike.” (Emphasis supplied.) The Court of Appeals held that the remainder vested in testator’s children upon his death, since the word then referred to the time when both estates were to vest and referred to the death of the testator and not to that of the life tenant. Further it may be observed that by the will, in the instant case, the remainder goes to six persons nominatim. The gift of a remainder nominatim indicates an intention to give a vested interest in the named persons. (Matter of Evans, 165 Misc. 752, affd. 258 App. Div. 1037, affd. 284 N. Y. 571.) In Matter of Soy (143 Misc. 217), the court therein cited a list of cases holding that where the remaindermen are specified nominatim, their interests become vested upon the death of the testator, even though the only words of gift are set forth in a direction to divide and pay over. Thus, although the word “ divide ” in the fourth clause of the instant will may point toward futurity and vesting at the death of the life tenant (Matter of Crane, 164 N. Y. 71), this so-called divide and pay over rule has been declared inapplicable when the remainder is created in favor of designated persons rather than to a class. (Matter of Evans, supra; Matter of Lurrie, 186 Misc. 805; Matter of Merriam, 168 Misc. 932.) The words “ my legal surviving heirs ” in the will preceding the named beneficiaries are merely descriptive and not indicative of a class gift. (Matter of Steinhauser, 186 Misc. 154.) The general rule is that ordinarily a requirement of survivorship of a remainderman imposed by the will refers to the death of the testator and not to the death of the life tenant. (Matter of Bolton, 257 App. Div. 760, affd. 282 N. Y. 728; Matter of Montgomery, 258 App. Div. 64, affd. 282 N. Y. 713.) There is no language in this will which requires a departure from that rule. If testatrix intended survivorship of the life tenant she did not so express herself. Bearing in mind that this is a layman’s will, her words should be given the plainest possible meaning. Thus, her use of the words “ my legal surviving heirs ” must be taken to mean the named heirs who would survive her. And that is their legal context as well. In a similar case to this, the testatrix provided that upon the death of the life tenant the property was “to be divided into equal parts, one such part to be given to each of my surviving daughters ”. The fact that there were no words of direct gift, and although the will provided for survivorship, did not prevent the court from holding that the *563 remainder vested on the death of the testator. (Matter of Wallace, 189 Misc. 473.) The concurrent operation of these rules and the cases compel the finding that the interests of the remaindermen vested on the death of the testatrix. Accordingly, the remainders are payable to the six named beneficiaries, all of whom survived the testatrix. The shares of those individuals who survived the testatrix but predeceased the life beneficiary are payable to their respective legal representatives.
Compensation of the attorneys for the petitioner is fixed and allowed in the sum requested. The sole objection to the account is overruled and the same is settled. Submit decree construing the will and settling the account accordingly, on notice.