John D. Bennett, S.
The petition for letters of administration g. t. a. requests a construction of the Ninth paragraph of the testatrix’ will, which reads as follows: “ Ninth : — I give, devise and bequeath the rest, residue and remainder of the property of which I die possessed, of whatsoever nature and kind, whether real, personal or mixed, to my son, Frederick L. Duryee, for his use for his life. At his death, said rest, residue and remainder of my property is to be equally divided among my surviving grandchildren, share and share alike, per capita.”
The latest pronouncement by the Court of Appeals as to the interpretation of words of survivorship unmodified by specific language relating to the time of vesting quotes the Restatement on Property (§ 251) with approval (Matter of Gautier, 3 N Y 2d 502). This section of the Restatement reads as follows: “In a limitation purporting to create a remainder or an executory interest, a description of the intended takers as persons ‘ who *895 survive, ’ or who are ‘ living, ’ or by other language of the same import, but which fails to designate the time to which such takers must survive, tends to establish the time of the termination of all preceding interests as the time to which survival is required. ’ ’
The court apparently based its holding on the determination (1) that “Neither this language nor any provision of the will is in the slightest ambiguous ” (p. 508); and (2) that a reading of the entire will led to the unmistakable conclusion that the term “ surviving ” had reference to the time of death of the life beneficiaries rather than the testator’s.
However, whether considered as a discussion necessary for the result, or as obiter dictum, the decision stated quite plainly that in the absence of a contrary indication in the will, the rule set out in section 251 of the Restatement on Property should be applied. This court must treat such a clear statement of the Court of Appeals as the rule it should folloiv (cf. Matter of Ross, 281 App. Div. 470, 281 App. Div. 1059, affd. 308 N. Y. 724; Matter of Askew, 7 Misc 2d 561; Matter of Wallace, 189 Misc. 473; Matter of Seely, 110 N. Y. S. 2d 206).
In measuring the instant will against the yardstick laid doAvn by the Court of Appeals, the language used in the paragraph in question must be held to result in a determination that those grandchildren take Avho are living at the time of the termination of the intervening estate, there being no indication to the contrary in the will.
The court therefore holds the remainder to the grandchildren as contingent interests requiring survivorship at the time of the death of the life beneficiary before vesting.
Petitioner is appointed administrator c. t. a. to serve without bond upon consent of all the interested parties (Surrogate’s Ct. Act, § 121).
Settle decree on five days’ notice.