Elbert T. Gallagher, J.
This is a motion for judgment on the pleadings or summary judgment in an action for the settlement of the final account of the plaintiff as substituted trustee under a testamentary trust, a construction of the trust and directions as to the distribution of the remainder. The proper motion is one under rule 112 of the Buies of Civil Practice and, *59 therefore, new matter set forth in the affidavits will not be considered.
The pleadings present no issue of fact. However, by means of counterclaims, defendants demand that the remainder of the trust be distributed in accordance with the construction therein set forth.
Plaintiff chose to institute this action by summons and complaint rather than to avail itself of the less cumbersome alternative of a special proceeding as provided by article 79 of the Civil Practice Act. This he had a right to do. The procedure set forth in article 79 is permissive and not exclusive. (Civ. Prac. Act, § 1308.)
"While the Supreme Court would not ordinarily exercise its jurisdiction over a testamentary trust, complete relief being available in the Surrogate’s Court, the question has not been raised by any of the parties hereto and since this court appointed the plaintiff and has exercised control over the trust for more than 50 years, jurisdiction will be retained. (Matter of Runk, 200 N. Y. 447.)
In article ‘1 tenth ’ ’ of his will testator created six separate trusts, one for the benefit of his son and one for the benefit of each of his five grandchildren. The trust in question is for the benefit of his granddaughter, Elizabeth Hull Gray. The testator directed that upon her death the remainder was to be paid to her issue, share and share alike, per stirpes and not per capita and in default of her leaving issue then to be equally divided among her two brothers and their respective issue, per stirpes and not per capita, and to Mary "Warner and Louise Warner, and to testator’s son, John P. S. Gray. Further along in the same article it was provided that if any of the named remaindermen should die without issue before the time of taking, the share of such deceased person should be divided equally among the surviving remaindermen, ‘1 my design being to have my estate go to the direct descendants of my own blood only.”
With the exception of his son, John F. S. Gray, all of the named remaindermen are grandchildren of testator. The life beneficiary died in 1955 without issue. Each of the named remaindermen predeceased the life beneficiary and each left issue surviving. In view of these facts, the court holds that the remainder is to be divided into five equal parts. One part is to be distributed per stirpes to the issue of the life beneficiary’s brother, Gerald Hull Gray, and one part is to be distributed per stirpes to the issue of her brother, John Frederick Gray.
No provision was made for distribution to the issue of the other named remaindermen in the event that such remaindermen *60 predeceased the life beneficiary. Mary Warner, Louise Warner and testator’s son, John F. S. Gray, were each given a vested remainder in one fifth of the corpus subject only to being divested in the event that the life beneficiary was survived by issue and with a gift over to the surviving remaindermen in the event of death without issue, prior to distribution. Their interests were alienable and, since each left surviving issue, became absolute upon the death of the life beneficiary without issue, and passed to their personal representatives as assets of their respective estates. (Matter of Johnson, 233 App. Div. 587; Matter of Gordon, 8 Misc. 2d 421.)
It is a firmly established principle of construction that a gift over in the event that the remainderman dies without issue, does not convert a vested remainder into a contingent one (.Matter of McCombs, 261 App. Div. 449, affd. 287 N. Y. 557) and such a remainder is conditional only insofar as it concerns the survival of issue. The issue have no interest in the remainder as they constitute only a contingency which would ripen the conditional interest into an absolute one or defeat it if there were no issue. (Matter of Martin, 225 App. Div. 502.)
Since no express provision was made for distribution of the shares of Mary Warner, Louise Warner and John F. S. Gray, in favor of their respective issue, in the event that the said remaindermen should die before actual division, any intent to confer an interest upon such issue must find support in a gift by implication. Gifts by implication are not favored unless the testator’s intention is so readily ascertainable that no other inference is possible. “ [T]o uphold a legacy by implication, the inference from the will of the intention must be such as to leave no hesitation in the mind of the court and to permit of no other reasonable inference.” (Bradhurst v. Field, 135 N. Y. 564, 568.) “ To devise an estate by implication, there must be such a strong probability of an intention to give one, that the contrary cannot be supposed.” (Post v. Hover, 33 N. Y. 593, 599; Dreyer v. Reisman, 202 N. Y. 476, 481.)
As pointed out above, no gift in favor of the issue may be implied from the provision in the will for a limitation over to the surviving remaindermen in the event that one of the remaindermen should die without issue, before the time of taking. Nor may a gift by implication to the issue of Mary and Louise Warner and John F. S. Gray be found in testator’s expressed design that his estate go to the direct descendants of his own blood only. That clause constitutes a part of the provision for a gift over in favor of the surviving remaindermen and is clearly nothing more than an explanation by the testator as to why he *61 was providing for a gift over. An examination of the entire will discloses that testator left legacies to many persons other than descendants of his blood.
Pursuant to the above construction the remainder of the trust, together with .the interest accrued thereon from April 26, 1955 should be distributed as follows: To the defendants, Geraldine Hull Livingston and Edward Richmond Gray, the share to which their father, Gerald Hull Gray, would have been entitled if he had survived Elizabeth Hull Gray, namely, one fifth thereof, to be equally divided between them; to the defendant, John Frederick Gray, the share to which his father, John Frederick Gray, would have been entitled if he had survived Elizabeth Hull Gray, namely, one fifth thereof; to the defendant, H. Maurice Darling, as administrator of the estate of Louise Warner Brace, deceased, the share bequeathed to the intestate, Louise Warner Brace, nee Louise Warner, namely, one fifth thereof; to the defendants, Mary Sherwood, H. Maurice Darling, as ancillary executor of the estate of Avis S. Newton, deceased, and H. Maurice Darling as ancillary administrator of the estate of A. Warner Sherwood, also known as Henry W. Sherwood, also known as Henry Warner Sherwood, deceased, the share bequeathed to the intestate Mary Warner Sherwood, nee Mary Warner, namely, one fifth thereof, to be equally divided among them; to the estate of John F. S. Gray, the share bequeathed to him, namely, one fifth thereof, to be paid to an ancillary representative to be appointed within 90 days of the date of the order to be entered hereon or, in default of such appointment, to be paid to the Commissioner of Finance of the County of Westchester.
Settle order accordingly on four days’ notice.