S. Samuel Di Falco, S.
In this proceeding to settle its account the trustee has presented a complex problem of construction which affects all of the final dispositive provisions of the testator’s will.
*627 The testator died in 1906 and left a will pursuant to which the bulk of his estate was left in trust for the life of his daughter Frances D. Lund. Upon her death leaving issue the trust was distributable ‘ ‘ to such issue in such manner that her then surviving children receive, per stirpes and not per capita, the share his or her parent would have been entitled to if then living.” (Italics supplied.) The testator’s daughter Frances D. Lund died without issue on November 15,1957 and as a result the substitutionary or alternative provisions for disposal of the trust remainder are now in effect. The problem as always is to determine the testator’s intent with respect to these substitutionary or alternative provisions. The court has partially quoted the provisions for disposition of the trust remainder in the event his daughter died leaving surviving issue as a guide to help determine the intent of the testator with respect to the substitutionary or alternative provisions of his will.
In paragraphs (a), (b) and (c) of article fourth of his will the testator provides that upon the death of his daughter without issue certain funds be set aside in trust for certain named beneficiaries during their respective lifetimes and directs upon their deaths 1 ‘ that the principal of this fund of * * * shall be paid to my cousin Elizabeth Shields Gurley, * * * or to her issue, per stirpes and not per capita. ’ ’
No question is presented as to paragraph (b) of article fourth because Frederick A. Lund, the person named as life beneficiary of the secondary trust, is alive and the trust in his behalf has been set up.
The person named as life beneficiary of the secondary trust created under paragraph (a) of article fourth survived the testator and predeceased the primary life tenant, the testator’s daughter Frances. Elizabeth Shields Gurley survived the testator but predeceased the life tenant in 1943 leaving six surviving children, five of whom survived the life tenant. As a result two questions are presented for determination, the first question being: did Elizabeth Shields Gurley have a vested remainder in the gift made under paragraph (a) of article fourth of the decedent’s will which would require distribution of such remainder to or through her estate?
The court is of the opinion that Elizabeth S. Gurley did not have a vested interest in the gift made under paragraph (a) of article fourth of the decedent’s will. Her interest was contingent and could not take effect until (1) the testator’s daughter had died without issue and (2) only if she survived the secondary life beneficiary. Under these circumstances, the gift never vested in her and even if it had vested in her upon the death of *628 the testator, it was divested upon her death prior to the death of the life beneficiary. (Restatement, Property, § 252; 2 Powell, Real Property, p. 727; Matter of Bostwick, 236 N. Y. 242.)
The second question with reference to the disposition made under paragraph (a) of article fourth is whether such remainder is now distributable in either five or six shares. As stated above, one of Elizabeth S. Gurley’s children predeceased the primary life beneficiary. It is urged by the representatives of the estate of her deceased child that the gift to Elizabeth S. Gurley vested in her issue when she predeceased the primary life beneficiary and that survivorship of the life beneficiary was not required. The terms of the will do not explicitly state any actual intention on the part of the testator to require survival by the issue of Mrs. Gurley until the time for distribution of the fund. Lacking any clear indication of the testator’s desire in the matter, the question must be resolved by application of rules of construction to the words used by him. “ The question in such circumstances is one not of intention in the proper sense, but of the legal implication of one formula or another.” (New York Life Ins. & Trust Co. v. Winthrop, 237 N. Y. 93, 109; Matter of Chalmers, 264 N. Y. 239, 246.)
We have seen that a requirement of survival to the end of the trust term was required for Mrs. Gurley and “ such survival is a condition precedent of such interest.” (Restatement, Property, § 252.) We have noted also that the gift to Mrs. Gurley or her issue was further conditioned upon the death of the life tenant, Frances Lund, “without issue then surviving.” It seems clear that here, too, there was a condition precedent, for such issue would take the remainder subject to the condition of the death of Mrs. Lund without issue, as well of the death of Mrs. Gurley during the trust term. (Restatement, Property, § 278.) There can be little doubt that as to issue of Mrs. Gurley, no interest could vest, even defeasibly, until her death. There was, therefore, a requirement of survival, but the significant question is whether the point of survival was their own mother’s death or the termination of the trust.
It has been said that with respect to a gift to issue, a requirement of survival to the death of the ancestor of such issue is ordinarily presumed. (2 Powell, Real Property, § 327; Restatement, Property, § 249, comment [i].) It seems clear, however, that there is here a gift to a class whose members are to be ascertained at the time of distribution. (Restatement, Property, § 303 subd. [1].) The rule set forth in the Restatement is as follows: ‘ ‘ When a limitation is in favor of the ■ issue of B, ’ and *629 B died prior to the time when the subject matter of the class gift becomes distributable, the persons who are ‘ issue of B ’ at the death of B are not necessarily those who become distributees at the time when the subject matter of the class gift becomes distributable. The group designation here employed, that is, ‘ issue ’, connotes a requirement of survival to the time of distribution even though such time of distribution is later than the death of B ”. (Restatement, Property, § 296, comment [g].) A gift to issue “per stirpes” is an even stronger indication of an intent to make the gift contingent upon survival of the trust term. (Sparks, Future Interests, 30 N. Y. IT. L. Rev. 1592,1952; 5 American Law of Property, p. 147.) The application of these rules to the will of this testator seems to be in complete harmony with his testamentary plan. The factors which are usually relied upon to negative a requirement of survival (cf. 2 Powell, Real Property, § 331) are lacking in this case. There are no words of present gift, but rather a direction that if the testator’s daughter shall die without issue surviving- her, the fund “ shall be paid ” to the cousin or her issue. There is no identification of the takers.
Moreover, the provision in this will is quite different from that in Matter of Bigelow (285 App. Div. 1072, affd. 309 N. Y. 884). In that case, the gift of the remainder was to two named nieces “ or if either shall have died without leaving lawful issue, to the survivor of them, or if either shall have died leaving lawful issue, such issue shall take the parent’s share per stirpes and not per capita.” The text of that will plainly made the date of death of a niece the time as of which the surviving niece or the issue of the deceased niece should be substituted as taker of the remainder. If the niece who died during the trust term 1 ‘ died without leaving lawful issue ’ ’, the surviving niece was to take the share; if she died “leaving lawful issue”, the issue were to be substituted. Under that text, the courts properly held that a child who survived a niece but died during the trust term, had a vested interest in the remainder.
In the pending case, however, the direction is to pay Elizabeth Gurley “ or her issue per stirpes and not per capita.” The testator used no words which would fix any point of time for vesting the gift other than the time for distribution. That point of time was plainly in the mind of the testator with respect to Mrs. Gurley. There is no basis for saying that he had any other time in mind with respect to her issue. The will does not attempt to identify her issue. The terms used indicate an intent to have living descendants stand in the place of their deceased *630 parents. The rule of construction fixes the class as of the time of distribution. The words used by the testator are in complete harmony with such a presumed intention.
The court, therefore, holds that only issue of Elizabeth Grurley who survived the termination of the trust are to share, per stirpes, in the corpus of the trust.
Under paragraph (c) of article fourth the testator provided that upon the death of his daughter without issue 1 ‘ A further fund of Ten thousand ($10,000) Dollars shall be set apart, invested and held in trust to pay over the net rents, issues and profits therefrom to my brother-in-law, william edmond stabb during his life; and upon his death, or in case he dies before me, then to his wife, anuie stabb, daughter of the late Charles Kellogg of Norwalk, Connecticut. Upon the death of the survivor of them, I direct that the principal of this fund of $10,000 shall be paid to my cousin Elizabeth s. gubley, wife of william gubley of Washington, D. C., or to her issue per stirpes and not per capita.” None of the parties to this proceeding have considered the possible invalidity of the trust due to the possibility that it might be measured by three lives. The trustee has indicated that the question is academic because both secondary life beneficiaries died before the primary life beneficiary. Unfortunately the court cannot accept this viewpoint. Although the Legislature recently amended section 11 of the Personal Property Law so as to enable a testator to suspend the power of alienation for any number of lives in being at the date of the instrument (L. 1958, ch. 152), the act specifically provided that the effective date of the statute was to be September 1, 1958 and that the amendment was to apply only to wills of persons dying after that date. The provisions of the statute and the rules of law with respect to estates of persons dying prior to that date are still applicable and in full force and effect. Our courts have repeatedly held that the validity of a will or any portion thereof must be determined as of the date of death of the testator and not in the light of what has actually occurred. (Matter of Mount, 185 N. Y. 162; Matter of Horner, 237 N. Y. 489; Matter of Trevor, 239 N. Y. 6; Matter of Durand, 250 N. Y. 45, 53; Matter of Johnston, 102 N. Y. S. 2d 316.) If a single trust is created to continue for more than two lives, absolute ownership is illegally suspended in contravention of the statute and the trust in its entirely is void. (Matter of Horner, supra; Matter of Durand, supra; Matter of Johnston, supra.) The trust provision before us suspends absolute ownership for the life of the testator’s daughter, the life of William E. Starr and for the life of Anna Starr. In this .instance the trust cannot *631 even be saved by the acceleration of the remainder because as indicated above, the remainder is contingent and the takers thereof could not be determined until the expiration of the third life. (Matter of Durand, supr; Matter of Johnston, supra.) The court holds, therefore, that the trust remainder under paragraph (c) of. article fourth of the testator’s 'will should pass as intestate property to the testator’s distributees.
The next group of questions to be determined arise under paragraphs (d), (e), (f) and (g) of article fourth of the testator’s will. The testator’s language with respect to those paragraphs is as follows: “ Upon the death of my daughter without issue then surviving, either before or after my decease, I direct that the following disposition be made of the principal of said rest, residue and remainder: — ”. Following this language the testator provided for the trusts hereinabove referred to as paragraph (a), (b) and (c) and then stated as follows: “ The following legacies I direct shall be paid from the said principal of the said rest, residue and remainder, after providing the above trust funds: — d. To my niece, Mary Starr, daughter of William E. Starr, Ten Thousand ($10,000) Dollars.”
The Attorney-General and the special guardian have taken the position that as no proper proof of death has as yet been presented as to Mary Starr’s death, this fund should be deposited with the State Comptroller pursuant to section 273 of the Surrogate’s Court Act. From the facts before it the court cannot assume that Mary Starr is dead. The unsupported statement contained in a letter received from the primary life beneficiary in 1921 is not sufficient to establish the presumption of death. Her mere absence even for many years is not sufficient to establish such a presumption unless supported by probative evidence. (Konieczny v. J. Kresse Co., 234 App. Div. 517; Matter of Schoonmaker, 160 Misc. 810, affd. 254 App. Div. 833; Matter of Poppitz, 199 Misc. 677, 679-680; Gardner v. Northwestern Mut. Life Ins. Co., 152 Misc. 873; Matter of Knight, 102 N. Y. S. 2d 875.) However, even if deposited with the State Comptroller, the court is still faced with the task of determining the rightful claimants to such fund when proper proof of death has been submitted. If the bequest to Mary Starr has lapsed by reason of her failure to survive the life beneficiary, then the sum of $10,000 would, upon proof of her death, be distributable to the issue of Elizabeth S. Gurley, pursuant to the provisions of article fifth of the decedent’s will which provides that all lapsed legacies and the remainder of the estate be distributed to the said Elizabeth S. Gurley or to her issue per stirpes and not per capita. If, however, it is found that this legacy vested in Mary *632 Starr, then the sum on deposit with the State Comptroller would, upon proof of her death, be distributable to her personal estate representative. It is to be noted that the testator in this instance made the gift to a specifically named person and named no other persons as alternative or substitute takers. This bequest is the only gift made by the testator where alternative or substitute beneficiaries were not provided for. There is a strong presumption which attaches to gifts nominativa that the testator intended to create a vested estate. (Matter of Montgomery, 258 App. Div. 64, affd. 282 N. Y. 713; Matter of Evans, 165 Misc. 752, affd. 258 App. Div. 1037, affd. 284 N. Y. 571; Matter of Soy, 143 Misc. 217; Matter of Askew, 7 Misc 2d 561.) The court, therefore, holds that the gift to Mary Starr contingently vested in her upon the testator’s death, subject to be divested only if the testator’s daughter Frances died leaving surviving issue. As the contingency annexed to Mary Starr’s gift did not occur, the bequest made to her will, upon proof of her death, be distributable to her personal estate representative. (Restatement, Law of Property, § 267.)
Under paragraphs (e) and (f) of article fourth the testator provided for additional legacies to named persons which were to take effect if the life beneficiary died without issue. However, unlike the gift to Mary Starr which was to take effect upon the happening of the same contingent event, the testator provided “ or said full sum of Ten thousand Dollars to the survivor of them if one has died without leaving issue, or in equal shares of five thousand dollars each to the survivor of them and the issue of the one then dead or the entire ten thousand dollars to their issue if both are dead, per stirpes and not per capita.” Here again we can discern the intent of the testator to benefit specifically named persons or, in the alternative, their surviving direct lineal descendants. The language of the testator is not ambiguous. Even if the gifts to the persons named in these paragraphs vested in them it was subject to divestment upon their failure to survive the life beneficiary. Upon their respective deaths, which events have occurred, the gifts became payable to their collective surviving issue, pursuant to the per stirpital provisions of the paragraphs in question. (Matter of Bostwick, supra; Matter of Doerschuck, 8 Misc 2d 422.)
In paragraph (g) of article fourth, the testator, as in the prior provisions of his will, made a gift to the New York Homeopathic College which was to take effect only if his daughter Frances died without issue. The gift in the sum of $25,000 is challenged by some of the legatees on the ground that the said hospital named is no longer in existence. Technically *633 this is true; the said hospital having been consolidated in 1938 with other hospitals and institutions into one consolidated corporation known as the New York Medical College, Flower and Fifth Avenue Hospitals. Although in 1906 when the testator made his will there was no provision in the Membership Corporations Law which provided that gifts to a constituent corporation in consolidation should not lapse by reason of the consolidation, the gift in this instance has not lapsed. The New York Homeopathic College was in existence when the gift was made and by operation of law, is still in existence. In 1926 the Legislature enacted section 51 (now § 53) of the Membership Corporations Law which provided as follows:
‘1 All the rights, privileges and interests of each of the constituent corporations, all the property, real, personal and mixed * * * shall be deemed to be transferred to and vested in such consolidated corporation * * *.
“ Any devise, bequest, gift or grant contained in any will or other instrument, in trust or otherwise, made before or after such consolidation, to or for any of the constituent corporations shall inure to the benefit of the consolidated corporation; and so far as is necessary for that purpose, the existence of such constituent corporations shall be deemed to continue in and through the consolidated corporation.”
This section was in effect in 1938 when the hospital named by the testator was consolidated to become the New York Medical College, Flower and Fifth Avenue Hospital. As a result, the court rules that the hospital was in existence at the time of the death of the primary life beneficiary without issue and that the bequest made to it under paragraph (g) of article fourth of decedent’s will is now payable to the consolidated hospital corporation.
It follows from the reasons and precedents set forth in this opinion that the construction of article fifth of the testator’s will is the same as that with respect to the disposition of the remainder under paragraph (a) of article fourth. As the persons to whom the remainder was distributable could not be determined until the testator’s daughter had died without issue, the said rest, residue and remainder, is distributable per stirpes to the issue of Elizabeth S. Gurley who survived the life beneficiary.
Submit decree on notice settling the account and construing the will accordingly.