In the Matter of the Estate of ANNA L. JUDGE, Deceased.

Surrogate's Court, Rensselaer County, January 16, 1967.

536

*Edward M. Murray* for appellant. *John P. Taylor* for New York State Tax Commission, respondent.

A. Franklin Mahoney, S. This is an appeal by the executor from the *pro forma* order made by this court on September 22, 1966, fixing the estate tax in the amount of $3,239.61. The executor attacks that part of the order which fixes as an asset in this estate a 5/7 interest in the corpus of a trust created by another.

Thomas Judge died testate on January 7, 1922. By will, dated October 3, 1910, he devised and bequeathed his property to his executor in trust for and during the lives of Teresa and Anna Judge, the decedent herein. The income was to be paid to Thomas Judge's mother and his brothers and sisters while they were unmarried and living at home. Upon the death of the survivor of Teresa and Anna Judge, the principal was to be paid over to those of his brothers and sisters who were at such time living at home and unmarried. Upon the death of Anna Judge on March 3, 1965, she being the survivor of the two measuring lives, there were no unmarried brothers and sisters of Thomas Judge living at home. In fact, all of Thomas Judge's brothers and sisters predeceased Anna Judge.

It is the position of the respondent Tax Commission that the gift of the remainder was to a class which could not be determined until the date of distribution (death of the secondary life tenant) and, further, that the gift was contingent on events which terminated or caused a failure of the gift, resulting in intestacy in the estate of Thomas Judge. I do not concur in these legal hypotheses although, unhappily, my disagreement does not result in any taxable change in the estate of Anna Judge.

In my view, the gift over was not to a class but was a gift *in nominatim*. At the time of the execution of Thomas Judge's will he had seven brothers and sisters. Being a bachelor he seemed to have a real or apparent concern with the financial uncertainties attendant upon bachelor or spinsterhood for he excluded from his will his two married sisters and in clear, precise language confined his benefactions, during the term of the trust, to only those of his brothers and sisters who remained unmarried and living at home and, further, restricted the gift over to only those of his brothers and sisters who met the same tests. However, since he particularized by name each of his brothers and sisters that was to participate, he removed the uncertainty that characterizes a class and, in effect, designated and nominated those who were to share.

A gift *nominatim* indicates an intention to give a vested interest in the named persons. (*Matter of Evans*, 165 Misc. 752, affd. 258 App. Div. 1037, affd. 284 N. Y. 571.) See, also, *Matter of Soy*, 143 Misc. 217 wherein the court held that where the remaindermen are specified *nominatim*, their interests become vested upon the death of the testator, even though the only words of gift are set forth in a direction to divide and pay over. In the instant case the gift was clearly *nominatim* and the so-called " divide and pay over " rule, which appears to point toward futurity and vesting at the death of the secondary life tenant (*Matter of Crane*, 164 N. Y. 71) is inapplicable. Accordingly, vesting occurred at the death of the testator, Thomas Judge (*Matter of Askew,* 7 Misc 2d 561; *Matter of Doughty,* 24 Misc 2d 625) in John J., Agnes and Bertha Judge, the three remaindermen. The fact that the gift over was conditioned on survival of the secondary life tenant and living at home unmarried does not and cannot convert a vested remainder into a contingent one. Such a remainder (in this factual situation) is conditional only insofar as it relates to the three-prong test of enjoyment and possession. (*County Trust Co.* v. *Darling,* 14 Misc 2d 57.) In that context they are conditions subsequent and can, and in this case did, operate to defeat or nullify the gift over, resulting in intestacy, there being no secondary donees. Uniquely, in the absence of secondary donees and a residuary clause in Thomas Judge's will, intestacy would also result if the remainders were to be held to be contingent.

In this connection the appellant argues that, since Anna Judge had no power over the principal of the trust and could never possess and enjoy any portion of the corpus, it should not be taxable in her estate. In support of this point he cites regulation 105, section 81.3 of the Internal Revenue Code (U. S.

Treasury Dept., Internal Revenue Bureau, Internal Revenue Cumulative Bulletin, 1955, No. 2, p. 601) which states, in substance, that where the interest of a decedent in a trust created by another person is a contingent remainder which lapses at his death, such interest is not considered as an interest in property for the purposes of ascertaining the taxable estate. I do not quarrel with this reference but I do dispute its application herein. First, Anna Judge never had a remainder interest in the trust created by Thomas Judge. She had a life interest only. Her demise by the terms of the trust was a condition precedent to the implementation of the remainder interests. Second, she takes her interest in the trust not as a remainderman but by the laws of intestacy. The fact that as a measuring life she cannot take possession does not defeat or make inapplicable the formula that a life tenant can become vested with a remainder via the unexpected route of intestacy. (*Matter of Chalmers*, 264 N. Y. 239.)

I cannot visualize any interpretation of this trust that would result in excluding at least a 5/7 interest from vesting in the estate of Anna Judge. If it should be held that the remainder vested absolutely in the remaindermen, then all of the corpus would vest in Anna since each of the remaindermen died before Anna and by wills so disposd of their interests so as to cause Anna to own all of the corpus at her demise. If the remainders were to be held to be contingent then there is a failure of the gift and intestacy results in the estate of Thomas and vests Anna with a 5/7 interest in the corpus. If, and there most certainly is not, it were to be held that a possibility of reverter occurred in the creation of the trust then said possibility would have been obliterated by the death of its creator and would not have affected the trust. Lastly, in my view, a vested remainder subject to conditions subsequent was created. Said conditions occurred and the remainder interests failed which, in the absence of secondary donees or a residuary clause in the estate of Thomas Judge's will, caused an intestacy in his estate as to those interests and, ultimately, a 5/7 interest in the trust vested in the estate of Anna Judge.

Such a taxable vesting, however, did not occur at the Federal level. The Federal estate tax return of Anna Judge has been audited and approved in a form that excludes any interest of Anna in the estate of Thomas Judge. This finding is determinative of the same issue in the State tax return unless it can be shown by a preponderance of the evidence that the Federal ruling is erroneous. (Tax Law, § 961.) This comity between the taxing sovereigns, statutorily mandated since 1963 but gen-

erally followed for many years before that date, should not be disturbed in the absence of clear proof of error. No such proof had been submitted herein. The fact that the State Tax Commission is the respondent herein does not relieve it of the burden of proving by a fair preponderance of the evidence that the Federal finding was error. Proof of vesting is not enough, for the Internal Revenue Code is replete with exclusions of interests in property from estate taxation. The final determination of the Federal taxing authority is presumptive evidence that the interest of Anna Judge in a trust created by another is not taxable. This presumption has not been overcome. No evidence has been offered by the respondent in proof of the reason why such interest was excluded and why it was error to do so. In the absence of such proof the Federal finding is determinative of the question. The 5/7 interest of Anna Judge in the corpus of the trust created by Thomas Judge is not taxable in her estate.