John D. Bennett, S.
This is a construction proceeding to determine whether or not a joint and mutual will executed by the decedent and his surviving spouse contains a binding contract wherein the parties agreed that the survivor would not revoke the will.
Under articles 11 Second ” and “ Third”, the will provides:
“ Second: Upon the death of one of us leaving the other of us surviving, all the property and estate, of every kind and nature wheresoever situate of the one so dying first or of which he or she has power of disposal, is hereby given, devised and bequeathed to the survivor.
‘ ‘ Third: In the event that we both die at the same time or in the event that one of us survives the other, then upon the death of the survivor of us, all the estate and property of which we or the survivor of us have power of disposal, irrespective of who owned the same in the beginning, is hereby given, devised and bequeathed to our four children Angelo, Julio, Madelyn and Angeline, and our grandson Anthony, who is the child of our deceased son Anthony, to share and share alike.”
The petitioner contends it was not the intention of the parties to enter into a contract whereby the will was not to be revoked after the death of the first to die. The special guardian, who represents a son of a predeceased child of the decedent and his surviving widow, contends that the joint and mutual will is irrevocable.
‘ ‘ The intent of the testator ‘ must be gleaned not from a single word or phrase but from a sympathetic reading of the will as an entity and in view of all the facts and circumstances under Avhich the proAÚsions of the will were framed ’ (Matter of Fabbri, 2 N Y 2d 236, 240) ” (Matter of Rubin, 48 Misc 2d 539, 541). The intention to bind oneself not to alter or revoke a will must be manifested in clear and unambiguous language (Oursler v. Armstrong, 10 N Y 2d 385; Rubenstein v. Mueller, 19 N Y 2d 228; Matter of Zeh, 24 A D 2d 983, affd. 18 N Y 2d 900).
Under article ‘ ‘ Second ’ ’, the court finds that the intention of the parties was to leave their entire estate to the surAÚvor absolutely. The provisions of article “ Third ” were intended to be their joint bequest should they die in a. common disaster and *813 to be the voluntary will of the survivor unless superseded by a later valid will.
There is no evidence before the court to give any indication that the decedent and his wife desired to enter into a binding contract. Unlike other cases, none of the decedent’s children are attempting to enforce a binding contract. The main concern of the decedent and his wife was to provide for one another and it was their obvious independent intent that the survivor would voluntarily provide for their children. The court cannot believe, based on all the evidence, that the intent of the parties was to cause the survivor to sustain the loss of the marital deduction by binding the successor to a contract.
Article “ Third ” is similar to the third paragraph of the will in the case of Matter of Zeh {supra).
Accordingly the court finds that the afore-mentioned will is not a binding contract and that the surviving wife was given the decedent’s entire estate without any contingencies.
The extensive litigation concerning joint and mutual wills should be a caveat that such wills should be avoided or the parties’ intent be manifested in clear and unambiguous language to indicate whether or not the parties wish to be bound.