Alonzo J. Prey, S.
This is a proceeding instituted by the the New York State Tax Commission to determine the estate tax under article 26 of the Tax Law of the State of New York upon the estate of J. Monroe Hodges, deceased.
The petitioner is proceeding under sections 961 and 962 of the Tax Law of the State of New York as amended which became a law on the 1st day of April, 1963. The petitioner seeks an order determining the New York State estate tax under the provisions of said article following an amended determination by the Federal Internal Revenue Service which effected a change in the adjusted gross estate resulting from a dispute with respect to certain charitable deductions as directed under the will of the decedent’s wife who predeceased him. Rill a C. Hodges predeceased her husband leaving a last will and testament, duly admitted to probate, by which she left all of her property to her husband, but further provided for the disposition of property over which she might be given any power of appointment by her husband whether he should die before, after her or simultaneously with her. Distribution of the properties which otherwise would be 11 the marital deduction trust ’ ’ was made in accordance with the trusts contained in her will pursuant to a decree made by the Surrogate of Cattaraugus County dated May 24, 1965. The Internal Revenue Service took the position that the provision in the will of this decedent for distribution of that portion of the estate which would otherwise be “ the marital deduction trust ” in accordance with the provision of the will of his deceased wife constituted an invalid incorporation by reference of the provisions of the will of the wife, and that since this property was a portion of the residue it would pass by intestacy rather than being added to the other portion of the residue designated in her will as the residuary trust which was largely charitable, • claiming further that they were not bound by the decree of the Surrogate although distribution had actually been made to the charitable trusts named in her will in amounts in excess of those claimed in the State tax return.
The dispute with the Federal Internal Revenue Service resulted in a compromise arrangement by which the estate agreed to pay 20% of the disputed amount of additional tax; and the estate now takes the position that that was a final determination of the allowable charitable deductions and is clearly *136 an erroneous determination of the amount of charitable deduction allowable by the Federal estate tax law, which would bring them in under section 962 (subd. [b], par. [5], subpar. [A], cl. [iii] of article 26 of the New York Estate Tax Law and which, under their computation, would entitle them to a reduction in the normal New York State tax based upon the Federal adjustment.
The contention of the New York State Tax Commission, however, is that the agreement by the estate and the Internal Revenue Service which compromised a Federal tax claim did not result in a final determination erroneous in nature and that therefore is not in a position to take advantage of provision of section 961 (subd. [a], par. [3]) of Article 26 of the Tax Law; and that their compromise agreement with the Federal Internal Revenue Service precludes any further evidence of the legality of the determination as to the charitable deductions; that on the basis of the adjustments agreed- upon by the estate and the Federal Internal Revenue Service the tax under the New York State Estate Tax Law would be $6,307.09, an increase of $401.18 over the amount fixed by the pro forma tax order made by the Surrogate’s Court of Cattaraugus County on November 18, 1964.
The whole issue, therefore, turns on the interpretation to be made by this court of the settlement agreement which was entered into by the estate and the Federal tax authorities. If it can be considered a final determination which is shown, “ by a preponderance of the evidence to be erroneous ”, it would thereby entitle the estate to the benefits under the New York State law by reducing the tax. If it cannot be considered in such a manner, then the estate is bound by said determination and therefore is not entitled to the benefits which would exist thereby.
The New York State Tax Commission takes the position that a final Federal determination has been made as to the amount allowable as a charitable deduction in this estate, and there seems to be no dispute as to that conclusion. The dispute is: was it by a preponderance of evidence an erroneous determination, or not? The New York State Tax Commission says it was not, and that the estate is bound by the amount allowable as charitable deduction under the New York estate laws as determined by said agreement.
I am compelled to hold under the language of the statute that the final determination with the Federal tax service was not “Toy a preponderance of the evidence ’’ erroneous. It was a negotiated dispute in which the Federal tax service took one *137 position and the estate took another and they compromised the result. This does not necessarily lead to the conclusion that it was an erroneous determination; it was a negotiated compromise determination to which both agreed and the estate is therefore bound thereby.
I find, therefore, that the computation submitted by the State Tax Commission, determining the estate tax on this estate under the laws applicable to be $6,307.09, is correct, and that the estate be directed to pay the balance of tax due to the State of New York together with interest and penalties thereon.