A. Franklin Mahoney, S.
This is a motion pursuant to section 962 (subd. [b], par. [5], subpar. [A], cl. [iv]) of the Tax Law wherein the Tax Commission seeks a supplemental determination increasing the New York estate tax in the above-entitled matter on the ground that the return filed by the executor omits from the gross estate the value of property reported on the Federal return and properly includible in the State return.
The New York gross estate was computed in the amount of $69,913.32 and the tax thereon fixed on August 20, 1964, giving due weight to the affidavit of deceased’s sister that two thirds of jointly held moneys and stock belonged to the affiant rather than the deceased. Thereafter, on August 24,1964 the Federal return was filed which, allegedly, inadvertently omitted the aforementioned affidavit. The Federal gross estate and resultant tax were accordingly enlarged to reflect the greater estate.
What the position of the Federal taxing authorities would have been had the affidavit been filed is, of course, unknown and, further, shall never come to light because corrective procedures are now barred by a Statute of Limitations. (Internal Revenue Code of 1954, § 6511, subd. [a].)
*44 The respondent argues that since New York accepted the figures as first filed as true and accurate, it follows that the Federal powers would have done likewise had the executor not innocently erred in filing the Federal return. It should, therefore, argues respondent, be within the discretional power of the Surrogate to correct the error.
The Tax Commission relies on section 961 of the Tax Law which at the appropriate places, states:
“ (a) General.— A final federal determination as to
“(1) the inclusion in the federal gross estate of any item of property or interest in property * * *
“ (3) * * * shall also determine the same issue for purposes of the tax [N. Y. tax] under this article unless such final federal determination is shown by a preponderance of the evidence to be erroneous.
“(b) * * * a final federal determination means: * * #
“ (2) A final disposition by the secretary of the treasury * * * Such disposition shall be deemed to have occurred— * * #
“(B) * * * (i) upon expiration of the time for instituting suit for refund * * # or (ii) upon filing with the surrogate or appraiser a written statement, in such form as may be required by the tax commission, that suit for refund will not be instituted [or]
“ (3) A closing agreement made under section seven thousand one hundred twenty-one of the internal revenue code [or]
“ (4) * * * a notification in writing issued by the secretary of the treasury or his delegate that the federal estate tax return has been accepted as filed, unless the executor shall have filed with the surrogate or appraiser a written statement * * * that a claim for refund of federal estate taxes has been or will be filed.”
It is clear that section 961 establishes the machinery of appeal and, further, that subdivision (a) of section 6511 of the Internal Revenue Code marks out the limitation within which the appeal may be taken. Concededly, this was not done by the executor.
It is not and cannot be within the discretion of a Surrogate to disregard the mandate of statutory law. Since the avenue of appeal is foreclosed so, likewise, is the opportunity to prove the Federal determination erroneous. Such Federal determination is binding upon the State.
The motion of the New York State Tax Commission is granted.