Pierson B. Hildreth, S.
This is an appeal by the executrix from a pro forma order fixing the New York estate tax and which disallowed a marital deduction, although a marital deduction had been allowed by the final determination of the Federal estate tax.
The State Tax Commission contends that the interest of decedent’s surviving wife was a terminable interest not qualifying for a marital deduction because of the provision of a joint and mutual will, and that the commission is not bound by the final Federal determination. It is the opinion of the court that the State Tax Commission has failed to show by any preponderance of evidence that the Federal determination was erroneous (Tax Law, § 961, subd. [a], par. [3]); that the final Federal determination of the estate tax which allowed a marital deduction was therefore binding upon the State Tax Commission; and that a marital deduction should have been allowed by the State Tax Commission; and that the appeal should be sustained.
That joint wills present difficult legal questions resulting in different and often seemingly conflicting decisions is attested by the volume of litigation concerning the interpretation of such wills. Depending upon the facts of a particular case spouses who make such wills may or may not intend to restrict the interest of the survivor to a life estate rather than full ownership, may or may not intend to prohibit the survivor from changing the provisions of the joint will, may or may not intend to for *935 feit the benefit of a marital deduction in the estate of the one first to die.
In this case the decedent husband died July 3, 1970. He and his wife made what they described as a joint and mutual will dated May 8, 1961. The will provided:
“ I, Frank 0. Barrie and Josephine K. Barrie, husband and wife, each being of sound mind and memory and mindful of the uncertainty of life, do hereby make, publish and declare this to be our joint and mutual Last Will and Testament, hereby revoking all previous Wills by either of us heretofore made,
‘ ‘ first : It is our will and we hereby give, devise and bequeath all our property, real, personal and mixed, of which we may die seized or possessed or have an interest in, or to which either of us may be entitled as follows: •
“ A. In the event that I, Frank 0. Barrie, shall die prior to my wife, Josephine K. Barrie, it is my will and I so direct that all my property, real, personal or mixed, shall go to my said wife, Josephine K. Barrie, absolutely and forever, and said Josephine K. Barrie is hereby appointed Executrix of this Will, to serve without bond.
“ B. In the event that I, Josephine K. Barrie, shall die prior to my husband, Frank C. Barrie, it is my will and I so direct that all my property, real, personal, or mixed, shall go to my said husband, Frank C. Barrie, absolutely and forever, and said Frank 0. Barrie is hereby appointed Executor of this Will, to serve without bond.
1 ‘ second : After both of our deaths, irrespective of which of us predeceases the other and irrespective of the circumstances under which our deaths occur, we, or each of us, hereby give, devise and bequeath all our property, real, personal and mixed of which we may die seized or possessed, or have an interest in, or to which either of us may be entitled to our children, RUSSELL J. BARRIE, FRANK C. BARRIE, JR., and JAMES A. BARRIE in. equal shares, if they be living after we both shall have died, and in the event that any one of our said children shall predecease both or either of us, then the share of such child shall go to the lawful issue of such child, per stirpes, living after both of our deaths, and if any such child dies without leaving lawful issue him surviving, the share of such child, had he lived, is hereby given to our said children surviving us after both of our deaths, in equal shares.”
Thus, each spouse gave all of his or her estatei to the survivor “ absolutely and forever ”, and made a further disposition after both were dead to their children or issue who might sur *936 vive both of them. They made) no provision for any disposition if no children or issue survived both of them. There are no express words of contract or limitation upon the interest of the survivor.
The motion of the executrix to fix thei New York estate tax was filed January 6, 1972. The schedules annexed to the petition included a copy of the final Federal determination which allowed a marital deduction, and computed the New York net estate tax at $910.43. The State Tax Commission interposed amended schedules disallowing a marital deduction, and allowing only a widow’s personal exemption of $20,000 “ instead of marital deduction because of joint and mutual will ”, thereby computing New York net estate tax at $2,075.14 based on the Federal gross estate of $107,760.32. A pro forma order fixing the tax at $2,075.14 was made May 1,1972. The executrix duly filed an appeal from that order.
While the appeal was pending the State Tax Commission requested that the appeal be withdrawn ostensibly because the State Tax Commission intended to submit an amended order which would allow the marital deduction. Such amended order was not submitted, and the parties then stipulated that the appeal be restored to the calendar, which was dona It is such original appeal from the pro forma order dated May 1, 1972 fixing the tax at $2,075.14 which is now before the court for determination. The appeal was submitted solely upon the) petition to fix tax to which a copy of the will was annexed.
Under article 26 of the Tax Law added by chapter 1013 of the Laws of 1962, effective April 1,1963, the policy of the State to conform to Federal estate tax law in New York estate tax matters became mandated by statute. The doctrine of conformity existed before then in estate tax matters. (Matter of Behm, 19 A D 2d 234, affd. 14 N Y 2d 826; Matter of Russell, 294 N. Y. 99.) Subdivision (a) of section 955 of the Tax Law provides that: “ The New York estate tax deductions for the estate of a deceased resident mean the deductions from his federal gross estate allowable in determining his federal taxable estate under the internal revenue code ”. The effect of the Federal determination is provided for by subdivision (a) of section 961 of the Tax Law: “ A final federal determination as to * * * (2) the allowance of any item claimed as a deduction from the federal gross estate, or (3) the value or amount of any such item, shall also determine the same issue for purposes of the tax under this article unless such final federal determination is shown by a preponderance of the evi *937 dence to be erroneous.” Subdivision (c) further provides that ‘ ‘ If there has been a final federal determination with respect to a decedent’s federal estate tax, any item entering into the computation of such tax shall be deemed to have been the subject of the final federal determination, whether or not specifically adjusted thereby.”
Since a copy of the final federal determination was filed as part of the petition to fix tax, no application for a supplemental determination of New York estate tax could have been made under section 962 (subd. [b], par [5]) of the Tax Law. The issue therefore is whether on this appeal the State Tax Commission has shown “ by a preponderance of evidence ” that the Federal determination allowing a marital deduction was erroneous. Unless shown by a preponderance of evidence to be erroneous the Federal determination was binding in determination of the New York estate tax. (Matter of Behm, 19 A D 2d 234, affd. 14 N Y 2d 826 supra; Matter of Keays, 57 Misc 2d 43; Matter of McNally, 57 Misc 2d 254; Matter of Judge, 52 Misc 2d 535; Matter of Meyer, 51 Misc 2d 397; Matter of Hodges, 54 Misc 2d 134.)
The only evidence before the court on this appeal is the will itself. The State Tax Commission presented no proof whatever. It has failed to meet the burden of showing that the Federal determination was erroneous by any preponderance of evidence. Under the joint and mutual will each spouse gave his or her estate expressly to the other “absolutely and forever”. Such phraseology indicates an absolute gift, not conditioned by any agreement binding the survivor to dispose of his estate in a particular way. (Matter of Zeh, 24 A D 2d 983, affd. 18 N Y 2d 900; Matter of Silverman, 43 Misc 2d 909; Matter of Aquilino, 53 Misc 2d 811.) The gift over to children if they survive both spouses is consistent with an intent of the spouses that such disposition is to be effective if the survivor does not make a different disposition. To cut down an absolute gift requires clear unambiguous language showing a clear, definite intent to do so. (Clarke v. Leupp, 88 N. Y. 228; Tillman v. Ogren, 227 N. Y. 495.) Nowhere in this joint and mutual will is there any express language conditioning the absolute gift to either, or expressing any agreement forbidding or renouncing the right of free disposition by the survivor. Any such intent must be shown clearly. (Oursler v. Armstrong, 10 N Y 2d 385; see Edson v. Parsons, 155 N. Y. 555; Swerdfeger v. Swerdfeger, 4 A D 2d 535.) Making the gift absolute would indicate an intent to have the benefit of the marital deduction. Accordingly, it cannot be said as a matter of *938 law that the interest of the surviving spouse was a terminable interest not qualifying for a marital deduction. Nor has the Federal determination allowing the marital deduction been shown by any preponderance of evidence to be erroneous. The appeal is sustained and order fixing tax is to be modified to allow the marital deduction as allowed by the Federal determination.