John D. Bennett, J.
This is an appeal from a pro forma order fixing the New York estate tax which disallowed a marital deduction although it had been allowed by a final determination of the Federal estate tax.
The question presented is whether, because of the execution by decedent and the surviving spouse of a joint and mutual will, the surviving spouse’s interest is terminable and therefore is ineligible for the marital deduction. Paragraph second of the will gives all of their property of whatever nature and kind “ unto the survivor of us forever.” Similar language has been held to indicate an absolute gift (Matter of Zeh, 24 A D 2d 983, affd. 18 N Y 2d 900; Matter of Silverman, 43 Misc 2d 909; Matter of Aquilino, 53 Misc 2d 811). However, in addition, explicit language of a contractual nature appears in paragraph ninth by which each agreed that the joint and mutual will should “ not be amended, revoked or evaded by either of us, except upon the consent in writing of the other.” This language changes the complexion and interpretation of the will since there appears an express intent to condition the absolute gift by an agreement forbidding or renouncing the right of free disposition by the survivor (Matter of Barrie, 77 Misc 2d 933; Matter of Rubin, 48 Misc 2d 539). The decision, however, as to whether the bequest to this surviving spouse is absolute or limited and conditional is unnecessary in order to reach a determination as *910 to whether such interest is terminable so as to disqualify it for the marital deduction. Not all terminable or limited interests are ineligible for a marital deduction.
Here, the major portion of- the estate consists of jointly held property. Revenue Ruling 71-51 (1971 Int. Rev. 'Bull. No. 5, p. 15) provides that, in the case of jointly held property, the interest qualifies for the marital deduction even, if a joint and mutual will leaves the surviving spouse only a life estate with the remainder to pass to others, the reasoning being that the jointly held property passes to the survivor by the interest creating a joint tenancy and not under the will or from a decedent. To quote from the revenue ruling itself: “ Any restriction limiting the surviving tenant’s (beneficiary’s) interest to a life estate is not placed on the property by the decedent, but arises out of the contract voluntarily entered into by the survivor (citing cases). ” (See, also, Matter of Tricarico, 68 Misc 2d 1018; Matter of Kahn, N. Y. L. J., Aug. 5, 1974, p. 13, col. 2 [Sobel., S.] : Baker, The Marital Deduction and the Terminable Interest Rule, 40 Tenn. L. Rev. pp. 195, 205-209 ; 6 Warren’s Heaton, Surrogates’ Courts, § 1204, subd. [4].)
Section 961 (subd. [a], par. [3]) of the Tax Law makes a final Federal determination as to the allowance of a deduction from the Federal gross estate determinative of the same issue for the purpose of the New York estate tax “ unless such final federal determination is shown by a preponderance of the evidence to be erroneous.” The burden is placed upon the State Tax Commission to establish that the Federal determination was erroneous (Matter of Barrie, 77 Misc 2d 933, supra, and cases cited). Here it cannot be said that such burden has been sustained nor that the Federal determination has been shown by a preponderance of the evidence to be erroneous.
The appeal is sustained and the order fixing tax is to be modified to allow the marital deduction as allowed by the Federal determination.