Evans V. Brewster, S.
The executor has petitioned the court to construe the last will and testament of the decedent to correct an alleged "Inadvertent error of the draftsman.” The question presented affects the funding of the marital deduction and residuary trusts established under the will, which in turn will affect the amount of Federal and New York estate taxes payable from the estate of testator’s post deceased spouse. The Internal Revenue Service (IRS) and the New York State Tax Commission (Commission) have been cited as parties interested in this proceeding. The IRS has not appeared. The Commission has moved, pursuant to CPLR 1003, for an order dropping it as a party on the grounds that it is neither a necessary nor proper party.
SCPA 1420 relating to construction proceedings provides that "process shall issue to all persons interested in the question to be presented”. Clearly, the Commission is interested in estate taxes. Whether it is presently a person interested in the question presented, however, can only be determined by reference to certain established rules of law and by an examination of other relevant statutes.
The Commission as an agency of the State of New York is subject to the jurisdiction of the court and consequently would *266 be bound by any determination. Section 961 of the New York Tax Law provides that "A final federal determination as to * * * (2) the allowance of any item claimed as a deduction from the federal gross estate, or (3) the value or amount of any such item, shall also determine the same issue for purposes of the tax under this article [article 26] unless such final determination is shown by a preponderance of the evidence to be erroneous.” (See, also, Matter of Hodges, 54 Misc 2d 134; Matter of Judge, 52 Misc 2d 535.)
It is well established that the United States Government is not bound by a State court decision unless it submits itself to the jurisdiction of the court. In Commissioner v Estate of Bosch (387 US 456), the United States Supreme Court held that for estate tax purposes the IRS was not bound by a decision of a State court determining a property interest held and transferred by a decedent. Thus, any determination made by this court would not be conclusive and could be disregarded by IRS. The Commission, on the other hand, if a party to the proceeding, could find itself in the untenable position of being bound by the decree . of this court and at the same time obligated by statute (Tax Law, § 961) to follow a Federal tax determination contrary to the court’s determination.
CPLR 1001 (subd [b]) states in substance that a court, in determining whether a party should be joined "shall consider * * * 2. the prejudice which may accrue from the nonjoinder * * * to the person not joined * * * [and] 5. whether an effective judgment may be rendered in the absence of the person who is not joined.” It is apparent that no prejudice would result to the Commission if it is not joined as a party. On the other hand, it is quite clear that its joinder could be prejudicial to the Commission if the IRS declines to accept this court’s determination. In any proceeding in which the amount of New York estate taxes may be affected, in estates not required to file a Federal estate tax return, the Commission would be a proper and necessary party in order to ensure an effective judgment. However, in such proceedings in estates which require the filing of a Federal estate tax return, the Commission’s joinder as a party is immaterial and unnecessary since the Commission is bound to follow the determination of the IRS.
In the light of the statutory mandate binding the Commission to follow the determination of the IRS (Tax Law, 961), the inability of the court to make a determination which will be *267 binding upon the IRS, and the factors relating to joinder of parties as set forth in CPLR 1001, the court determines that the Commission is neither a person interested in the question presented within the meaning of SCPA 1420 nor a necessary or indispensable party to its resolution. Accordingly, the motion is granted.