John D. Bennett, S.
In this construction proceeding filed by the trustees prior to December 31, 1975 for the reformation of a charitable remainder trust so as to enable them to claim it as a charitable deduction under section 2055 of title 26 of the United States Code, as amended by the Tax Reform Act of 1969 (T.R.A.) (83 US Stat 487 et seq.), the New York State Tax Commission (Commission), who was cited as an interested party but who has not otherwise appeared or participated in this proceeding, seeks an order dropping it as a party unless the Internal Revenue Service (I.R.S.) submits itself to the jurisdiction of this court. Petitioners did not name the I.R.S. as a party nor has the I.R.S. intervened or otherwise appeared in this proceeding. The only other parties cited by the petitioners are the charitable legatee and the Attorney-General of the State of New York who has filed a notice of appearance on behalf of the people of the State of New York as the ultimate charitable remaindermen together with an affidavit stating that he has no objection to the relief requested by the Commission.
The Commission alleges that pursuant to the provisions of *770 section 961 of article 26 of the Tax Law, it will be bound by the final determination of the I.R.S. unless such determination is shown by the preponderance of the evidence to be erroneous. From this the Commission argues that any determination made by this court will not be binding upon the I.R.S. under the doctrine enunciated in Commissioner v Estate of Bosch (387 US 456) whereas the Commission if it were continued as a party would be bound by this court’s determination. The Commission contends that it would be placed in the untenable position of being bound by the decision of this court while simultaneously required by statute to follow an I.R.S. determination, which could possibly be contrary to the decision of the court. In support of its position the Commission cites Matter of Leddy (84 Misc 2d 264). There, the court in the exercise of its discretion permitted the Commission to be dropped as a party in a construction proceeding not involving a charitable remainder but a marital deduction.
The Surrogate’s Courts of New York have entertained many proceedings to construe or reform wills of decedents creating charitable remainder trusts so as to enable fiduciaries to claim a charitable deduction pursuant to section 2055 of the Internal Revenue Code as amended by the T.R.A. At this time the court is unaware of any refusal of the I.R.S. to allow a deduction for the reformation of a charitable remainder trust under the T.R.A. by any New York court. The court is not unmindful however that the I.R.S. has refused to allow a charitable deduction under a will reformed by the probate court of another State. In that case the basis for the I.R.S. refusal was that the reformation changed the testator’s dispositive scheme by converting a testamentary trust into separate charitable and noncharitable interests payable directly to the beneficiaries. In effect the I.R.S. said that in order to reform a charity remainder trust entitled to a charitable deduction the trust must be either a charitable remainder annuity trust, unitrust or pooled income trust (Technical Information, Release No. 1427 [Rev. Rul. 76-17], December 22, 1975, 2 CCH Fed Estate and Gift Tax Reporter, ¶ 8319).
In Matter of Hammer (81 Misc 2d 25, 31), this court, in the exercise of its discretion, denied a motion by the Commission to be dropped as a party after it filed a notice of appearance and participated in several court conferences held in an attempt to settle the dispute prior to the making of its motion. In the case at bar the Commission did not in any way *771 participate in this proceeding following the service of the citation upon it other than this motion. In the exercise of its discretion the court will grant the Commission’s motion to be dropped as a party.